ISAAC V. FRENCH, as Receiver of the Peoples' Sav-
   ings Bank of the City of New York, Respondent, v.
   JOHN W. SALTER, Appellant.

*Joinder of causes of action — what not allowed — Code of Civil Procedure, § 484,
   sub. 8 — what cannot be joined under.*

A cause of action against the trustee of an insolvent savings bank, to recover the
   damages occasioned by unauthorized and illegal investments made by him, can-
   not be joined with a cause of action upon a bond given by him to assist in making
   up a deficiency in the assets of the bank.

Appeal from an order* of the Special Term, overruling a
demurrer to the complaint herein.

*George H. Foster*, for the appellant.

*Francis C. Barlow*, for the respondent.

*Per Curiam:*
   The complaint contains five causes of action. The first is to
recover the money lost or wasted by the defendant, as trustee, by
the investment of the funds of the bank in certain North Carolina
bonds, which investment is claimed to have been illegal under the
statute. The second and third causes of action are like the first,
except that they relate to other purchases of North Carolina
bonds. The fourth and fifth causes of action rest on two bonds
given by the defendant to assist in making up a deficiency in the
assets of the bank. The defendant demurred, because the first,
second and third causes of action, arising out of what was claimed
to be the infidelity of trustees to their trust, were improperly
united to the fourth and fifth causes of action. He demurred to
these causes of action for other reasons, which it is not necessary
to consider. He demurred to the fourth and fifth causes of action,
because it appeared on the face thereof that the complaint did not
state facts sufficient to constitute a cause of action.

---

* No interlocutory judgment appears to have been entered in this case. (See *Lacustrine
F. Co.* v. *Lake Guano, etc., Co.*, 16 Hun, 484. Rep.)

It is conceded by the learned counsel for the plaintiffs in this case that the first, second and third causes of action are in tort founded upon an alleged violation of duty on the part of the defendant as one of the trustees of the bank. There can be no doubt upon this proposition. The gravamen of the action against the defendant in regard to these causes being his violation of duty, the action in respect of them is necessarily against him as a trustee.

The fourth and fifth causes of action are necessarily against him as an individual executing the bond in reference to a condition of affairs resulting from his conduct as a trustee. There is no provision of the Code under which, in our judgment, these causes of action can be united.

The learned counsel for the plaintiff insists that, under either the eighth or ninth subdivision of section 484 of the Code of Civil Procedure, these different claims may be joined. We have examined the section, and are obliged to differ from him in his view.

Subdivision eight authorizes a union upon claims against the trustee by virtue of a contract, or by operation of law. The liability of a trustee to respond to a claim of this character results from facts and circumstances to be established by evidence. For example, that an investment was made in a manner not permitted by law, and that a depreciation of the thing purchased occurred occasioning the loss to the stockholders. His responsibility does not arise by operation of law within the meaning of subdivision eight. To bring this case within that subdivision, there must be a liability which arises simply from the trustee occupying that position. In this case it arises not only from the fact that the defendant held such a position, but that in holding it he did, or omitted to do, certain things which the law required him to do, and which made him liable. His liability, therefore, is by operation of law and fact.

The union of claims, authorized by subdivision nine, relates to claims arising out of the same transaction, connected with the same subject of action, and not included within one of the previous subdivisions of the section.

The claim upon the bonds does not arise out of the same transaction or transactions referred to in first, second and third causes of action, and is not connected with the same subject, because, as

we have suggested, the claim upon the bonds is against the defendant as an individual, whilst the claim for improper investments is against him as a trustee. (*Mappier* v. *Mortimer*, 11 Abb. [N. S.], 458; *Clark* v. *Coles*, 50 How., 178; *Wiles* v. *Suydam*, 64 N. Y., 173, and cases cited.)

For these reasons we think that the demurrer to the first, second and third causes of action was improperly overruled, and that the order made in relation to them should be reversed.

In regard, however, to the demurrers to the fourth and fifth causes of action, we deem it only necessary to say that we think they were not well interposed, and cannot be sustained. We entertain no doubt that the complaint in that respect contains abundant facts sufficient to constitute a cause of action.

Ordered accordingly, without costs to either party on this appeal.

Present — BRADY, P. J., and POTTER, J.

Order overruling demurrer to the first, second and third causes of action reversed. Order affirmed as to fourth and fifth causes of action. No costs of appeal to either party.