### CROWELL v. TRUESDELL.

(Supreme Court, Appellate Division, First Department. January 10, 1902.)

1. PLEADING—JOINDER OF CAUSES OF ACTION—OMISSION TO STATE SEPARATELY.
   The statement of two separate causes of action as one cause, and the omission to separate and number them, are not conclusive that there are not two causes of action stated, and the complaint is thereby no less demurrable.

2. SAME.
   A complaint claiming damages for the alienation of a wife's affection and for the conversion of personal property, which alienation occurred prior to the taking of the property, states two causes of action, and is demurrable.
   Laughlin, J., dissenting.

Appeal from special term, New York county.

Action by Harry P. Crowell against Herbert J. Truesdell. From an interlocutory judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Thomas J. Keenan, for appellant.
George M. Osgoodby, for respondent.

O'BRIEN, J. The action was brought to recover damages alleged to have been sustained by reason of the alienation by the defendant of the affections of plaintiff's wife. It is also alleged in the complaint that the defendant and the plaintiff's wife jointly converted to their own use personal property belonging to the plaintiff of the value of $10,000. The defendant demurred upon several grounds, but the only one which it is necessary to consider is whether there has been an improper joinder of actions, in that two different causes of action have been improperly joined,—one for alienation of affections, and the other for conversion of personal property. It is conceded that two such actions cannot be united in the same complaint unless they arose out of the same transaction, and the question before us is whether the complaint contains one or two causes of action. The plaintiff, no doubt, intended to plead but one cause of action, in which the damages recoverable should be not alone for the loss of consortium, or the right of the husband to the conjugal society of his wife, but also for damages resulting from the unlawful taking of personal property. All the allegations essential to two separate causes of action are stated, and, unless they arose out of the same transaction, they should not be united in the same complaint. The mere statement of them as one cause of action, and the omission to separately state and number them, are not conclusive upon whether or not there are two causes of action, and make the complaint no less demurrable. Goldberg v. Utley,

6o N. Y. 427; Wiles v. Suydam, 64 N. Y. 173. As contended by the appellant, these two causes of action are of an entirely different nature, and are independent of each other; there being no legal affinity between them. The object of both, it is true, is to recover damages; but the liability and the grounds thereof are separate and distinct, and the evidence necessary to establish them entirely dissimilar. Unless, therefore, they arose out of the same transaction, there is no legal justification for uniting them in the same complaint. That they did not rise out of the same transaction requires little argument to demonstrate, because the alienation of the wife's affections and the taking of the plaintiff's property are incompatible acts, and in no way connected. It is true that it is alleged that the physical abandonment of the wife was simultaneous with the taking of the property; but, as appears from the complaint, the alienation of the wife's affections, as distinguished from her actual abandonment, occurred prior to the taking of the personal property. We think, therefore, that there were two causes of action alleged, which were improperly united, and that the demurrer should, on this ground, have been sustained.

Judgment accordingly reversed, with costs, and the demurrer sustained, with costs, but with leave to the plaintiff to amend upon payment of costs in this court and in the court below.

VAN BRUNT, P. J., and PATTERSON and McLAUGHLIN, JJ., concur.

LAUGHLIN, J. I dissent. The complaint alleges that the defendant, at the same time he alienated the affections of plaintiff's wife, induced conversion of plaintiff's property by her. If there be two causes of action, if they are not connected with the same transaction, they at least relate to the same subject-matter.