MAX COHN, as Administrator, etc., of SOLOMON COHN, Deceased, Respondent, *v.* HERMAN JARECKY, Appellant, Impleaded with Others.

*Misjoinder of causes of action — negligence of druggists and a physician.*

The complaint in an action brought to recover damages against three persons, two of whom were druggists and the other a physician, alleged that the defendant Jarecky was employed as a physician and that the defendants negligently prescribed and compounded and furnished a prescription by mixing with it a deadly poison, and that it was administered to a child, the plaintiff's intestate, and caused its death. The complaint did not specifically allege that the druggists had anything to do with the formulation of the prescription, and it was not certain that the complaint intended to charge that Jarecky participated in the preparation and compounding of the prescription.

Upon an appeal from an order denying a motion to require the plaintiff to make the complaint more definite and certain,

*Held,* that the causes of action against the defendants were not identical, and that they were entitled to have the causes of action separated in such a manner as would enable them to raise the questions of misjoinder or sufficiency by demurrer.

APPEAL by the defendant, Herman Jarecky, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of July, 1895, denying his motion to require the plaintiff to make the complaint more definite and certain.

*A. L. Fromme,* for the appellant.

*Abraham Levy,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover damages against two of the defendants as druggists, and one of the defendants as a physician. The allegation of the complaint is, that the defendant Jarecky was employed as a physician, and that the defendants prescribed, prepared, compounded and furnished a certain medical preparation or medicine to be administered to the deceased, and which was by the direction of the defendants administered to the deceased ; and that the defendants so negligently prescribed, prepared and compounded such medicine as to mix therewith a certain deadly poison unknown

to either deceased or his parents, and defendants, knowing that such medicine was to be administered to an infant of tender years, did carelessly, negligently and wrongfully prepare a certain mixture containing a deadly poison, fatal to human life, and did negligently and wrongfully direct, order and prescribe that the same be administered to said deceased.

It is not alleged in the complaint that the defendant druggists had anything to do with the formulation of the prescription. Their sole dereliction, if any, was in the preparation and composition of the prescription. It is alleged apparently that the defendant physician participated in the preparation and compounding of the prescription, yet it is not certain that it was the intention of the pleader so to allege. It is clear, however, that no cause of action is alleged against the druggists for negligence in the formulation of the prescription; and they have no concern with any liability which the defendant physician may be under because of such negligence if it existed. Consequently, the causes of action against the defendants are not identical, and the defendants are entitled to have them separated in such manner as to enable them to raise the question of misjoinder or sufficiency by demurrer.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted to make the complaint more definite and certain, with ten dollars costs to the appellant.

O'Brien and Parker, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to appellant.