Abraham Westheimer and Jacob H. Westheimer, Respondents, *v.* Moses Musliner and Others, Appellants.

*Action for goods fraudulently obtained from the plaintiff, and for goods so obtained from other parties who had assigned their claim therefor to the plaintiff — each transaction must be separately stated and numbered in the complaint.*

The complaint in an action alleged that a firm while insolvent obtained personal property from the plaintiff without intending to pay therefor, and fraudulently transferred the same to one Meyer, who transferred it to the defendants; that the said firm obtained other personal property without consideration from various persons, which was also fraudulently transferred to Meyer, and by Meyer assigned to the defendants, and that each of such other persons had assigned his claim to the plaintiff. It demanded judgment for the recovery of all the personal property so fraudulently transferred.

*Held,* that each transaction constituted a separate cause of action, which should, under section 483 of the Code of Civil Procedure, have been separately stated and numbered in the complaint.

APPEAL by the defendants, Moses Musliner and others, from an order of the Supreme Court, made at the New York Special Term, and entered in the office of the clerk of the county of New York on the 5th day of June, 1899, denying their motion to compel the plaintiffs to separately number and state the causes of action alleged in the complaint.

*Emanuel J. Myers*, for the appellants.

*Martin Paskusz*, for the respondents.

McLAUGHLIN, J. :

This action is brought to recover possession of personal property alleged to have been wrongfully obtained from the plaintiffs and their assignors.

The complaint alleges that the firm of Colucci & Graniori, being insolvent and not intending to pay therefor, obtained from the plaintiffs certain personal property, which it wrongfully and fraudulently transferred to one Joseph Meyer, by whom the same was transferred to the defendants; that the transfer to Colucci & Graniori to Meyer, and by Meyer to the defendants, was made without consideration and with intent to hinder, delay and defraud creditors; that the defendants wrongfully and unlawfully, notwithstanding a demand has been made therefor by the plaintiffs, retain retain possession of said property.

The complaint also alleged that the firm of Colucci & Graniori obtained certain personal property, without intending to pay therefor, from each of the following persons or firms: Albert Bogart, Otto J. Solomon, Shattuck & Binger, Conrad Tanning Company, Baxter, Schenlenberger & Co., and S. H. Frank & Co., which property they wrongfully and fraudulently transferred to Meyer, who transferred the same to the defendants; that the transfer by Colucci & Graniori to Meyer, and by Meyer to the defendants, was in each case made without consideration and with intent to hinder, delay and defraud creditors; that each of said persons and firms had, prior to the commencement of this action, duly assigned and transferred to the plaintiffs their respective claims; and that the defendants, notwithstanding a demand had been duly made in each case

by the plaintiffs for the possession of the property, refused the same.

The defendants, under section 483 of the Code of Civil Procedure,. moved to compel the plaintiffs to separately state and number the causes of action alleged. The motion was denied and the defend-- ants have appealed.

The section of the Code referred to provides that "Where the complaint sets forth two or more causes of action, the statement. of the facts constituting each cause of action must be separate and numbered." Each of the transactions set out in the complaint, between the firm of Colucci & Graniori and the persons or firms. from whom they obtained possession, and who, it is alleged, have assigned their claims to the plaintiff, manifestly constitutes a sep-- arate cause of action and should be separately stated under this sec-- tion of the Code. Different evidence will be required to establish each one, and the evidence which establishes one will not establish. either of the others.

The first cause of action alleged is necessarily confined to the property, the possession of which was obtained from the plaintiffs, personally; and each claim which has been assigned manifestly con-- stitutes another cause of action, and the defendants are entitled to have each one of these separately stated.

It follows that the order appealed from must be reversed, with. ten dollars costs and disbursements, and the motion granted, with. ten dollars costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and INGRAHAM, JJ.,. concurred.

Order reversed, with ten dollars costs and disbursements, and. motion granted, with ten dollars costs.