HARRY P. CROWELL, Respondent, *v.* HERBERT J. TRUESDELL, Appellant.

*Misjoinder of causes of action — alienation of a wife's affections and conversion of personal property — when they do not arise out of the same transaction.*

A cause of action to recover damages for the alienation by the defendant of the affections of the plaintiff's wife cannot be joined with a cause of action to recover damages for the conversion by the defendant and the plaintiff's wife of personal property belonging to the plaintiff, where, although the wife's physical abandonment of the plaintiff was simultaneous with the taking of the property, the alienation of her affections occurred prior to such conversion.

LAUGHLIN, J., dissented.

APPEAL by the defendant, Herbert J. Truesdell, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of May, 1901, upon the decision of the court, rendered after a trial at the New York Special Term, overruling a demurrer to the complaint.

*Thomas J. Keenan,* for the appellant.

*George M. Osgoodby,* for the respondent.

O'BRIEN, J. :

The action was brought to recover damages alleged to have been sustained by reason of the alienation by the defendant of the affections of plaintiff's wife. It is also alleged in the complaint that the defendant and the plaintiff's wife jointly converted to their own use personal property belonging to the plaintiff of the value of $10,000. The defendant demurred upon several grounds, but the only one which it is necessary to consider is, whether there has been an improper joinder of actions, in that two different causes of action have been improperly joined, one for alienation of affections and the other for conversion of personal property.

It is conceded that two such actions cannot be united in the same complaint, unless they arose out of the same transaction; and the question before us is whether the complaint contains one or two causes of action. The plaintiff no doubt intended to plead but one cause of action in which the damages recoverable should be, not alone for the loss of consortium or the right of the husband to the conjugal society of his wife, but also for damages resulting from the unlawful taking of personal property.

All the allegations essential to two separate causes of action are stated; and unless they arose out of the same transaction, they should not be united in the same complaint. The mere statement of them as one cause of action and the omission to apparently state and number them, is not conclusive upon whether or not there are two causes of action and makes the complaint no less demurrable. (*Goldberg* v. *Utley,* 60 N. Y. 427; *Wiles* v. *Suydam,* 64 id. 173.)

As contended by the appellant, these two causes of action are of an entirely different nature and are independent of each other, there being no legal affinity between them. The object of both, it is true, is to recover damages, but the liability and the grounds thereof are separate and distinct and the evidence necessary to establish them entirely dissimilar. Unless, therefore, they arose out of the same transaction, there is no legal justification for uniting them in the same complaint.

That they did not rise out of the same transaction requires little

argument to demonstrate, because the alienation of the wife's affections and the taking of the plaintiff's property are incompatible acts and in no way connected. It is true that it is alleged that the physical abandonment of the wife was simultaneous with the taking of the property; but, as appears from the complaint, the alienation of the wife's affections, as distinguished from her actual abandonment, occurred prior to the taking of the personal property. We think, therefore, that there were two causes of action alleged which were improperly united and that the demurrer should on this ground have been sustained.

Judgment accordingly reversed, with costs, and the demurrer sustained, with costs, but with leave to the plaintiff to amend upon payment of costs in this court and in the court below.

VAN BRUNT, P. J., PATTERSON and McLAUGHLIN, JJ., concurred; LAUGHLIN, J., dissented.

LAUGHLIN, J. (dissenting):

I dissent. The complaint alleges that the defendant at the same time he alienated the affections of plaintiff's wife induced conversion of plaintiff's property by her. If there be two causes of action, if they are not connected with the same transaction, they at least relate to the same subject-matter.

Judgment reversed, with costs, and demurrer sustained, with costs, with leave to plaintiff to amend on payment of costs in this court and in the court below.