(89 App. Div. 37.)

POWERS v. SHERIN.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. PLEADING—COMPLAINT—ALLEGATIONS—SEPARATE CAUSES OF ACTION.

Under the direct provisions of Code Civ. Proc. § 483, plaintiff, suing for injury to her person and property sustained by reason of defendant's negligent act, must separately state and number the facts constituting her cause of action for personal injury, and the facts constituting her cause of action for injury to her property.

Appeal from Special Term, New York County.

Action by Caroline B. Powers against Clarence E. Sherin. From an order denying a motion to require plaintiff to separately state and number the causes of action intermingled in one count in the complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Francis B. Chedsey, for appellant.
William C. Relyea, for respondent.

¶ 1. See Pleading, vol. 39, Cent. Dig. § 113.

LAUGHLIN, J. The action is brought to recover $5,000 damages for personal injuries and for injuries to personal property alleged to have been sustained through the negligence of the defendant. It is alleged in the complaint that the plaintiff was riding in a victoria on Riverside Drive, in the city of New York, and that the defendant, while operating an automobile in the same direction, overtook and negligently ran her down, inflicting personal injuries, and also injuring her horses and damaging her victoria. Until the recent decision of the Court of Appeals in the case of Reilly v. Sicilian Asphalt Co., 170 N. Y. 40, 62 N. E. 772, 57 L. R. A. 176, 88 Am. St. Rep. 636, holding that a recovery for injuries to personal property is not a bar to a subsequent action for personal injuries sustained by the owner of the property through the same negligent act, it was quite generally supposed by the legal profession, where an individual was injured, and his personal property was damaged by the same negligent act, that but a single cause of action existed; and it was common practice to embrace both in a single count. Where causes of action which may not be joined are pleaded in a single count of the complaint, the defendant may demur for misjoinder, without first requiring that they be separately stated and numbered. Goldberg v. Utley, 60 N. Y. 427; Crowell v. Truesdell, 67 App. Div. 502, 73 N. Y. Supp. 1013. The Court of Appeals, however, having decided that there are two causes of action in such case, on account of the statute of limitations being different concerning them, the facts constituting each should be stated and numbered separately. Section 483, Code Civ. Proc. Although this is a question of practice, and the right is regarded by the Court of Appeals as formal and not substantial, and the decision denying the relief, if approved by us, would not, it seems, be reviewed by that court (Goldberg v. Utley, supra), yet this court should enforce an observance of the requirements of the Code of Civil Procedure in this regard.

It follows, therefore, that the order, so far as appealed from, should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.