(96 App. Div. 290.)

### WHITNEY v. WENMAN et al.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. COMPLAINT—PLURALITY OF CAUSES—SEPARATE STATEMENT AND NUMBERING.

Where a complaint states a cause of action for conversion of goods, covered by warehouse receipts delivered to F. & B., which in no way affects the defendant U.; also a cause of action for conversion of goods, covered by receipts delivered to defendant U., which in no way affects the defendants F. & B.; and a cause of action for conversion of goods, covered by receipts delivered to the defendant S., which in no way affects either defendants U. or F. & B.; and also, in case the receipts should be declared invalid, a fourth cause of action for an accounting affecting all of the defendants—the complaint sets forth two or more causes of action within Code Civ. Proc. § 483, providing that in such case the statement of facts constituting each cause of action shall be stated separately and numbered.

Appeal from Special Term, New York County.

Action by Edward B. Whitney, as trustee in bankruptcy of Dresser & Co., against Charles H. Wenman and others. From an order denying a motion to compel plaintiff to separately state and number his causes of action set out in the complaint, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Louis F. Doyle, for appellants.
Robert D. Murray, for respondent.

McLAUGHLIN, J. The defendants above named, impleaded with other defendants, appeal from an order denying a motion to compel the plaintiff to serve an amended complaint, and separately state and number therein the several causes of action set out in the complaint.

The complaint alleges that the plaintiff is the trustee in bankruptcy of the firm of Dresser & Co., which became insolvent on the 7th of March, 1903; that on the 9th of March, 1903, the defendants Morris & Mackenzie were appointed receivers in bankruptcy, and that they acted as such from that time until the 17th of September following, when the plaintiff was appointed the trustee; that the defendants the Security Warehousing Company and the United States Mortgage & Trust Company are domestic corporations, and that the defendants Daniel Le Roy Dresser and Charles E. Riess were the members of the firm of Dresser & Co., and the defendant Wenman was the agent and attorney of the defendants Fish & Boldt, and represented them in the transactions referred to in the complaint; that at the time the receivers were appointed the firm of Dresser & Co. was the owner of, and had in its possession in its store in the city of New York, a large quantity of Japanese silk, of the value of upwards of $150,000; that at that time, and for some time prior thereto, the Security Warehousing Company claimed to have leased the portion of the store in which said silk goods were stored and displayed for sale from Dresser & Co., at a rental of $1 per year, and claimed said portion of the store and display room to be one of its warehouses; that it had issued to said firm certain instruments in writing, purporting upon their face to be warehouse receipts, for all or nearly all of said goods, and representing that the same were stored with it in its warehouse, and held by it subject to the order of the holders of said instruments, deliverable to said holders upon surrender of said receipts; that eight of these warehouse receipts, covering goods amounting in value to $116,648.65, were delivered by Dresser & Co. to the defendants Fish & Boldt, through their agent, Wenman, as security for the payment of certain loans made by them to said firm, amounting to $132,245.74, and for which they also held, as additional security, certain bonded warehouse receipts for other silks of the value of over $76,000; that on the 12th of March, 1903, the defendants Fish & Boldt entered into a contract with the warehousing company by which the goods covered by the receipts held by them were sold by the receivers, and the proceeds of sale, or the greater part thereof, paid to them and the warehousing company. The complaint further alleges that one of said receipts, covering goods of the value of $33,100, was delivered to the United States Mortgage & Trust Company as security for a loan made by it to the firm of Dresser & Co. of $25,000, and on the 17th of March, 1903, it (the warehousing company) and the receivers entered into a contract by which the goods covered by such receipt were sold, and the proceeds, or the greater part of them, paid to the United States Mortgage & Trust Company and the warehousing company. The complaint further alleges that two of such receipts, covering goods of the value of $35,803.50, were delivered to the warehousing company as security for a loan of $25,000, and the goods covered thereby sold, and the proceeds received by said company.

The judgment demanded is: (1) That the receipts be declared invalid, fraudulent, and void as to the plaintiff, and that he be adjudged to be the owner of the goods and accounts covered thereby, or else that he recover from the defendants the market value of the goods

taken by them respectively, together with interest thereon; and (2) in the event of it being adjudged that the said receipts are valid and effective as against the plaintiff, and that the defendants were entitled to hold and sell the goods and collect the accounts receivable, purporting to be covered thereby as security for their loans, that then the said defendants make full disclosure and discovery to the plaintiff of all the acts and things done by each and all of them with respect to said goods, and of the disposition of the proceeds thereof, and that the defendants pay to the plaintiff such amounts, with interest, as may be determined to have been received by each of them respectively in excess of the amount to which they were entitled as the proceeds of the sales upon which they each had liens as pledgees.

When the foregoing facts are considered in connection with the prayer for judgment, it is clear there are several causes of action pleaded. There are three causes of action for conversion: The first, for goods covered by the warehouse receipts delivered to Fish & Boldt, and this in no way affects the United States Mortgage & Trust Company; the second, for goods covered by receipts delivered to the United States Mortgage & Trust Company, and this in no way affects Fish & Boldt; and the third, for goods covered by receipts delivered to the warehousing company, and this in no way affects either the United States Mortgage & Trust Company or Fish & Boldt. There is also, in case the receipts are declared invalid, a fourth cause of action which affects all of the defendants; that is, an accounting by them of the proceeds received on the sale of the goods in excess of what was sufficient to satisfy their respective loans in full. The defendants, therefore, were entitled, under section 483 of the Code of Civil Procedure, to have these causes of action separately stated and numbered, to the end that they may raise the question of misjoinder or sufficiency, by demurrer. Cohn v. Jarecky, 90 Hun, 266, 35 N. Y. Supp. 935; Westheimer v. Musliner, 46 App. Div. 96, 61 N. Y. Supp. 348.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

LAUGHLIN, J. I concur in the result. I am of opinion that a demurrer would lie without first separately stating and numbering the causes of action, but the Code of Civil Procedure (section 483) requires that causes of action shall be stated and numbered separately, and this requirement should be complied with.