ASTORIA SILK WORKS v. PLYMOUTH RUBBER CO.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

PLEADING—MOTIONS—SEPARATING AND NUMBERING CAUSES OF ACTION.

A motion to require plaintiff to separately state and number causes of action, as required by Code Civ. Proc. § 483, should be granted, without regard to the sufficiency of the allegations with respect to a cause of action, where the complaint contains allegations tending to set forth a cause of action for breach of contract, and another for money had and received, the right to recover which does not depend on breach of the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1194–1198.]

Appeal from Special Term.

Action by the Astoria Silk Works against the Plymouth Rubber Company. From an order denying a motion for an order requiring plaintiff to separately state and number the causes of action in the complaint, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edward W. Drucker, for appellant.
J. D. Gordon, for respondent.

LAUGHLIN, J. The decision of a motion to require the plaintiff to separately state and number causes of action does not involve the sufficiency of the allegations with respect to any cause of action attempted to be set forth. The question presented for decision is whether the pleader has attempted to set forth more than one cause of action. If he has, then the express provisions of section 483 of the Code of Civil Procedure and the decisions of the courts thereunder require that the motion shall be granted. Powers v. Sherin, 89 App. Div. 37, 85 N. Y. Supp. 89; Stern v. Marcuse, 119 App. Div. 478, 103 N. Y. Supp. 1026.

This complaint contains allegations tending to set forth two causes of action—one for a breach of contract, and the other for money had and received. It is alleged that plaintiff delivered to the defendant certain silk fabrics to be coated with rubber upon an express agreement upon the part of plaintiff to pay the defendant a consideration specified therefor; that defendant entered upon the performance of the work,

but failed to use due care and skill, owing to which many pieces of the goods were returned to the plaintiff in a damaged condition, to plaintiff's damage in the sum of $25,000; that by the agreement the defendant undertook to coat the silk fabrics with Para rubber, but that it failed to do so, and used an inferior compound instead, to the plaintiff's damage in the sum of $28,000; that many pieces of the goods delivered by plaintiff to defendant were returned short in length, to its damage in the sum of $1,000; that during the performance of the work plaintiff notified defendant to refrain from doing any further work and that defendant agreed thereto; that thereafter defendant represented to plaintiff that it had done work prior to said notification of the value under the contract of $3,000, and that on such representation plaintiff paid the defendant the sum of $3,000. The plaintiff demands judgment for $57,000, the aggregate amount of these damages.

It may be that a sufficient cause of action to recover the money paid is not stated, owing to the failure of plaintiff to allege any consideration for defendant's agreement to suspend work, or any justification for its notification to the defendant to do so, but, as already observed, that is immaterial to the question now presented for adjudication. The right of the plaintiff to recover damages for the breach of the contract depends upon the facts with respect to the work done and material used, and with respect to whether defendant is responsible for the shortening in length of the goods. These matters all relate to, and depend upon, the breach of the contract. The right to recover the money, however, presents quite a different issue, and does not, as the complaint stands, depend upon the defendant's breach of the contract. It is not alleged that the contract provided for the repayment to plaintiff on demand of any money paid by it to defendant after notifying the latter to suspend or terminate work, and on a representation that the money had been earned before defendant received the notice. The pleader has attempted to set forth a distinct and separate cause of action to recover the money upon the ground that the same was paid either under a mistake of fact, or that its payment was induced by false representations on the part of the defendant.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.