### BENEDICT v. THAIN.

(Supreme Court, Appellate Division, First Department.  April 12, 1912.)

1. PLEADING (§ 368*)—COMPLÁINT—SEPARATE CAUSES OF ACTION—MOTION—QUESTIONS INVOLVED.

Defendant's motion to have causes of action separately stated and numbered in the complaint does not·involve the question of whether any cause of action is sufficiently stated therein, but only whether plaintiff has attempted to state more than one cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1194–1198; Dec. Dig. § 368.*]

2. PLEADING (§ 52*)—COMPLAINT—SEPARATE CAUSES OF ACTION.

The only cause of action outlined in the complaint being one for malicious prosecution of a civil action resulting in damages to plaintiff, and the only damages alleged, and sought to be recovered of defendant, being those caused by the bringing of that action, and the issuance of execution therein, and the levy and threatened sale thereunder, there is not an attempted statement of more than one cause of action, requiring separate statement and numbering, because of a statement that in thus maliciously prosecuting plaintiff defendant was acting in conspiracy with another.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig. § 52.*]

Appeal from Special Term, New York County.

Action by Julian Benedict against Alexander Thain. From so much ·of an order as denied his motion to have causes of action separately stated and numbered, and to have part of the complaint struck out as irrelevant, redundant, and scandalous, and to have certain allegations made more definite and certain, defendant appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

William F. MacRae, of New York, for appellant.

Robert L. Stanton, of New York, for respondent.

LAUGHLIN, J. It is contended on behalf of the appellant that there has been an attempt to allege three causes of action in the complaint, viz., one for damages resulting from the consummation of a conspiracy between the appellant and one Smith, another for malicious prosecution of a civil action, and a third for abuse of the process of the court. The respondent insists that only one cause of action is pleaded, and that is for damages caused by certain overt acts committed in the consummation of the conspiracy between the appellant and Smith, alleged to have been formed "to annoy, distress, and black-

mail" respondent "by making unjust and trumped up claims against him." Many things are alleged to have been done by the appellant pursuant to the conspiracy, which are not shown to have caused any damage; but others are alleged from which it is charged that damages flowed. It is not alleged that Smith committed any overt act, and the only acts done in furtherance of the conspiracy are alleged to have been done by the appellant. The respondent alleges that he was a real estate broker, and that in June, 1908, he recovered a judgment against Smith, who was the lessee of premises, known as No. 15 West Thirty-First street, in the Borough of Manhattan, and who conspired with the appellant to injure him. It is alleged that the premises were owned by one Julia S. Newman, who was a client of the appellant, an attorney at law, and that the appellant dominated and controlled his client, and that, pursuant to the conspiracy, he wrote the respondent for her in February, 1909, demanding the return of $1,000, which he charged had been received by the respondent on account of an interest in the lease of the premises to Smith, which interest, it was claimed, was taken secretly by the respondent while he was agent of the owner and as such had negotiated the lease. It is further alleged that on the 2d of March, 1909, the appellant and his client, maliciously and without probable cause, brought an action in the City Court to recover the amount, which he had demanded of the respondent by the letter, and that the appellant well knew that the owner was aware that the respondent had taken an interest in the lease, and had consented thereto, and that there was no ground for the action, and that by "trick and device" the appellant obtained "an illegal and unauthorized order" referring the issues in the action to his former law partner, and on February 23, 1910, procured "an unauthorized, fraudulent, illegal and void judgment" for $1,472.53 against the respondent herein; that said order of reference was vacated by the Appellate Term of the Supreme Court on the 15th of March, 1910, and that said judgment was reversed by the same court on the 8th of December, 1910, on the ground that the proceedings before the referee were unauthorized, and that the judgment based thereon was void; that the appellant, well knowing that the claim upon which the judgment had been recovered was false and groundless and that the order of reference had been vacated, issued an execution on the void judgment, under which the sheriff, at his instigation, levied on the office furniture and fixtures of the respondent, and subsequently, by like instigation through an auctioneer, proceeded to sell the same, and only desisted when threatened with an indictment for abuse of process. It is alleged that the respondent necessarily expended $1,200 in defending the action, and was greatly injured in his business, reputation, and feelings, and judgment is demanded for the sum of $20,000. It is alleged that on the 18th day of January, 1912, judgment was entered vacating and reversing the judgment upon which the execution was issued and awarding costs to the respondent.

[1] It may be that these allegations are sufficient, in view of the fact that it is alleged that the judgment was reversed on the ground that it was void, to show that the action has terminated favorably to the respondent, which would be essential to his maintaining an action for malicious prosecution; but we are not concerned with the question as

to whether any cause of action is sufficiently stated in the complaint, for we are called upon to decide merely whether the respondent has attempted to state more than one cause of action. People v. Equitable Life Assurance Society, 124 App. Div. 714, 727, 109 N. Y. Supp. 453.

Eliminating the allegations with respect to the conspiracy, the only cause of action outlined in the complaint is one for malicious prosecution of a civil action, which resulted in damages to the respondent. The only damages alleged are those caused by the bringing of that action, and the issuance of the execution therein, and the levy and threatened sale thereunder. If the complaint could be regarded, as contended by the respondent, as an action for damages caused by various acts and steps taken in the consummation of the conspiracy between the appellant and Smith to injure the respondent, there would be but a single cause of action, and the result on this point would be the same. It is a well-settled rule, however, that the gist of an action for a conspiracy, so called, is the damages resulting from the overt acts in the consummation of the single plan and purpose formed by the conspirators, and that the allegations with respect to the conspiracy are only material for the purpose of connecting the conspirators, who were not actors, with the acts of their fellow conspirators, and to hold them liable therefor. It is not necessary to decide whether in any case an action against a single defendant for various wrongs, which, without allegations that they were committed in furtherance of the conspiracy, would give rise to several causes of action may constitute but a single cause of action against such individual defendant who was the actor by mere allegations that they were performed in the consummation of a conspiracy, for in the present case it is perfectly plain that the respondent seeks to hold the appellant for damages caused by maliciously instigating and conducting a civil action, for which he knew there was no justification, and the fact that in thus maliciously prosecuting the respondent he was acting in conspiracy with another cannot change the nature of the action against him.

These views require an affirmance of the order, in so far as it denies the motion to separately state and number causes of action, and that paragraphs 2 to 4, inclusive of the complaint, be stricken out in toto, and the allegations with respect to the conspiracy contained in paragraphs 5, 6, 7, and 8 be stricken out, with leave, however, to the respondent to formulate and serve an amended complaint setting forth his alleged cause of action for malicious prosecution of a civil remedy in connected form, and, as so modified, affirmed without costs. All concur.