### HUGULEY v. GARDNER et al.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. PLEADING (§ 52*)—SEPARATE CAUSES OF ACTION—SEPARATE STATEMENT AND NUMBERING.

Under the express provisions of Code Civ. Proc. § 483, where a complaint purports to set forth more, than a single cause of action, they must be separately stated and numbered.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig. § 52.*]

2. PLEADING (§ 52*)—SEPARATE CAUSES OF ACTION—SEPARATE STATEMENT AND NUMBERING.

In an action to require certain defendants to account for corporate stock received by them as trustees for plaintiff and others, allegations that while acting as trustees they converted and appropriated part of such stock to their own use did not state a cause of action for a conversion which plaintiff was required to separately state and number, their purpose being to require the trustees to account for the value of such stock as they might have parted with and be unable. to distribute in accordance with the agreements under which it was received by them.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig § 52.*]

3. PLEADING (§ 52*) — SEPARATE CAUSES OF ACTION — SEPARATE STATEMENT AND NUMBERING.

In an action to require certain defendants to account for corporate stock received by them as trustees for plaintiff and others, allegations that a certain defendant guaranteed to plaintiff that he would receive the stock to which he was entitled without any demand for relief on account of the guaranty did not state a cause of action which plaintiff was required to separately state and number, but was wholly superfluous and irrelevant, and might be stricken on motion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig. § 52.*]

4. PLEADING (§ 52*)—SEPARATE CAUSES OF ACTION—SEPARATE STATEMENT AND NUMBERING.

In an action to obtain an accounting from certain defendants with respect to stock of a Maine corporation received by' them as trustees for plaintiff and others, and for certain stock in a Michigan corporation of the same name, for which, representing the stockholders, they exchanged the stock in the Maine corporation, the complaint alleged that M., one of such trustees, agreed with plaintiff to subscribe for certain stock in the Maine corporation, one-half of which he was to purchase for plaintiff and hold as security for the purchase price advanced by him; that plaintiff as further security for such purchase price delivered other securities to M.; that upon the exchange of the stock in the Maine corporation for that in the Michigan corporation M. received stock in exchange for that held by plaintiff which was issued in his own name; that this constituted an election by him to repudiate the agreement to purchase the stock for plaintiff, and entitled plaintiff to recover the securities pledged as collateral, and demanded judgment for the recovery of such securities. It did not deny M.'s authority to exchange the stock, or allege that there was any agreement that he should not take the stock in his own name, or that plaintiff had tendered the amount due M. Held, that these allegations stated a cause of action separate from that for the accounting which should be separately stated and numbered, they not being relevant to that cause of action, as claimed, on the theory that, if it were held that there was no election by M. to repudiate the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

agreement, plaintiff would be entitled to an accounting from the trustees for stock in exchange for that originally held by M. for plaintiff, since they had executed the trust as to that stock by delivering it to M.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig. § 52.*]

Appeal from Special Term, New York County.

Action by William T. Huguley against Oliver L. Gardner, the Gardner Artificial Lumber Company, and others. From an order denying their motion to require that the complaint be amended so as to separately state and number the causes of action therein alleged, the defendants named appeal. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Joseph M. Lesser, of New York City, for appellants.

Marion Erwin, of New York City, for respondent.

LAUGHLIN, J. [1] The point presented by the appeal is whether the complaint purports to set forth more than a single cause of action. If it does, the plaintiff is required by section 483 of Code of Civil Procedure, and by the established practice thereunder, to separately state and number them. Astoria Silk Works v. Plymouth Rubber Co., 126 App. Div. 18, 110 N. Y. Supp. 175; Gunn v. Fellows, 41 Hun, 257; Westheimer v. Musliner, 46 App. Div. 96, 61 N. Y. Supp. 348; Whitney v. Wenman, 96 App. Div. 290, 89 N. Y. Supp. 296; Stern v. Marcuse, 119 App. Div. 478, 103 N. Y. Supp. 1026; Egan & Co. v. Butterworth, 66 App. Div. 480, 73 N. Y. Supp. 301.

[2] The appellants contend, in effect, that the complaint sets forth five different causes of action, some for legal and others for equitable relief; but the respondent claims that it sets forth only a single cause of action for equitable relief. An examination of the allegations of the complaint shows that the principal purpose of the action is to obtain an accounting by the defendant Fowler with respect to certain shares of the capital stock of the Gardner Artificial Lumber Company, incorporated under the laws of the state of Maine, which it is alleged he received as trustee for the plaintiff and others who became entitled thereto by virtue of an agreement made originally between the plaintiff and the defendant Gardner by which plaintiff undertook to procure subscriptions for capital stock of said company in a specified amount and on specified terms, and an accounting by said Fowler and the defendant Marr as trustees and as a committee representing the stockholders of the Maine corporation in exchanging their stock for certain capital stock of a corporation of the same name incorporated under the laws of the state of Michigan for the purpose of purchasing the stock, assets, and business of the Maine corporation. The complaint contains general allegations to the effect that Fowler while acting as trustee for the plaintiff and others, and Fowler and Marr while acting as trustees for the plaintiff and others, converted and appropriated to their own use part of the stock for which an accounting is sought; but it is manifest that the only purpose of these allegations is to require

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Fowler or Fowler and Marr to account for the value of such of the stock as they may have parted with and may be unable to distribute in accordance with the respective agreements as alleged, and that it was not intended to set forth a cause of action against them for the conversion thereof.

[3] It is further alleged that the defendant Gardner was the principal stockholder and a director and president of the Maine corporation, and that with respect to the original contract under which the plaintiff and others undertook to sell the stock of the Maine corporation the defendant Gardner personally guaranteed that plaintiff would receive from Fowler as trustee the stock to which, by virtue of the contract, he would become entitled. The complaint, however, contains no demand for relief against Gardner on account of this alleged guaranty. It is contended by the appellants that the allegations with respect to the guaranty constitute an attempt on the part of the plaintiff to plead a cause of action against Gardner on the guaranty; and it is therefore claimed, under the rule that a motion to separately state and number causes of action does not involve the sufficiency of the allegations with respect to any cause of action attempted to be set forth (see Astoria Silk Works v. Plymouth Rubber Co., supra), that the plaintiff should be required to separately state and number his alleged cause of action against Gardner. We agree with the learned justice who heard the motion at Special Term that the allegations with respect to the guaranty should be regarded as superfluous, since no demand for relief is predicated thereon. Those allegations are not relevant to any cause of action alleged, and may be stricken out on motion.

[4] These views dispose of all of the contentions of the appellants adversely to them, with one exception. The plaintiff, after alleging the agreement between him and the defendant Gardner, representing the Maine corporation, by which he undertook to sell sufficient stock of that company to realize a working capital for it of $10,000 and to obtain additional subscriptions to an amount not exceeding $30,000, if necessary, alleges that relying upon said agreement he entered into a contract with the defendant Marr, by which the latter agreed to subscribe and pay into the treasury of the corporation $10,000, or so much thereof as might be necessary to make up the sum of $10,000, pursuant to the agreement between him and Gardner; that it was agreed between him and Marr that one-half of the amount so paid by Marr should be deemed an advance by him for the plaintiff; that the stock to be received therefor should be held by Marr for their joint account; that Marr should hold the plaintiff's share of the stock as collateral security for the moneys so advanced by him for plaintiff; that plaintiff as further security therefor should deliver to Marr 10,000 shares of the capital stock of the Princeton Copper Mining & Smelting Company, two mortgage bonds of the Huguley Manufacturing Company, and two receivers certificates of the Florida Midland Railway; and that Marr should carry said loan until the plaintiff realized on the fruits of the adventure or was able to discharge said indebtedness to Marr from certain suits in which he was interested. The plaintiff further alleges that, pursuant to said agreement between

him and the defendant Marr, the latter subscribed and paid to the corporation the sum of $6,700 for their joint account, and received therefor for their joint account certain stock of the Maine corporation, one-half of which, being plaintiff's share, he held as security for the amount so advanced; that, pursuant to the agreement by which the Michigan corporation purchased the stock, assets, and business of the Maine corporation, the defendant Marr surrendered and delivered for the account of the Michigan corporation said stock of the Maine corporation and received therefor 608 shares of the capital stock of the Michigan corporation, which he procured to be issued in his own name; that this constituted an election by Marr to repudiate his agreement to purchase said stock of the Maine corporation for the joint account of himself and the plaintiff, and constituted an election to take and hold said stock and the stock of the Michigan corporation issued in exchange therefor for his own personal account, and to cancel the obligation of the plaintiff to reimburse him on account of said purchase. On these allegations plaintiff demands judgment for the recovery from the defendant Marr of the other stock and bonds and receivers certificates delivered to him as security as aforesaid. It is manifest that, under the theory of said allegations and demand for relief, the plaintiff has attempted to plead a cause of action for the return of said collateral security, which is in no manner connected with the cause of action attempted to be alleged for an accounting. Counsel for the respondent, however, in his brief, argues that, if his client should fail in his contention that such acts constituted an election on the part of the defendant Marr to repudiate his said agreement with the plaintiff, then plaintiff will be entitled to recover his share of the stock of the Michigan corporation received in exchange for his share of the stock of the Maine corporation, and that, inasmuch as the defendant Marr took the stock of the Michigan corporation in his individual name, the plaintiff will be entitled to have Fowler and Marr as trustees account for his share of the stock of the Michigan corporation which they received as if it had not been issued to Marr. Not only, as already shown, is this not the theory of the complaint, but there is a further answer to the contention of the plaintiff, even in the form in which he makes it in the brief, and that is that the defendant Marr was entitled to receive and to hold the plaintiff's share of the stock of the Maine corporation as security for his advances for the plaintiff's account until such indebtedness was paid. Since Marr's authority to exchange the stock for that of the Michigan corporation is not questioned, it is fairly to be inferred that he was entitled likewise to receive and hold the plaintiff's share of the stock of the Michigan corporation as security for said advances. It is not alleged that the agreement provided that the stock of the Maine corporation should be taken by the defendant Marr in the name of the plaintiff, and therefore the mere fact that he took the stock of the Michigan corporation in his own name is not sufficient to show a violation of the agreement. In so far, therefore, as it was the duty of Fowler and Marr as trustees to deliver the stock of the Michigan corporation to Marr for the joint account of the latter and the plaintiff, the trust must be deemed to have been executed to the extent that stock was issued to Marr. There is no allegation

that the plaintiff has tendered to Marr the amount advanced by the latter for his account; and there is nothing to show but that the plaintiff, if he so desired, might not obtain from Marr his share of the stock of the Michigan corporation on tendering reimbursement for the advances made. Upon neither theory, therefore, are these allegations material or relevant to the cause of action for an accounting on the part of the trustees for other stock; and they plainly constitute an attempt on the part of the plaintiff to plead a separate cause of action against Marr.

It follows that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.