SOLOMON SCHWARTZ, Respondent, *v.* MARJOLET, INC., Appellant.

First Department, November 27, 1925.

Pleadings — complaint — motion referring to entire complaint to make
definite and certain and to strike out unnecessary allegations must be
denied where particular parts of complaint are not mentioned — cor-
porations — action to compel specific performance of agreement to
issue shares in payment for commissions earned by plaintiff — plaintiff
may compel specific performance — accounting is not incident to
action — allegations as to accounting must be separately stated and
numbered — cause of action to set aside agreements alleged to have
been made by defendant with third persons to cut down plaintiff's
commissions must be separately stated and numbered — parties to
said agreements are necessary parties to action — said agreements
need not be set aside.

A motion by the defendant to make the complaint definite and certain or, in the
alternative, to strike out all matters not relating to and unnecessary in stating
the alleged cause of action, must be denied, since the motion refers to the
complaint as a whole and not to specific parts thereof.

Plaintiff is entitled to enforce the specific performance of a contract whereby he
was to receive shares of stock of the defendant in payment for commissions
earned under a contract of employment, since the stock is not purchasable in
the open market and has a peculiar and special value.

The plaintiff's demand for an accounting as to the net profits of the defendant,
on which his commissions are based, is not an incident to the action for specific
performance and, under the facts alleged, he is not entitled to an accounting,
for an employee has no interest in the business simply because his compensation
is to be measured by a percentage of the profits.

If, however, the plaintiff can allege facts entitling him to an accounting, that
cause of action must be separately stated and numbered.

The cause of action to set aside certain agreements made by the defendant with
third persons, which the plaintiff alleges were entered into for the express
purpose of cutting down the net profits of the defendant and thereby decreasing
plaintiff's commissions, must be separately stated and numbered, and further-
more, the plaintiff must bring in, as parties defendant, the third persons who
executed said agreements.

However, it is not essential to the plaintiff's right to recover on the basis of net
profits earned that the said agreements should be set aside, for if it is shown
that those agreements were illegally made for the purpose of cutting down his
commissions, then the amount paid out thereon may be considered as a part
of the net profits of the defendant for the purpose of determining plaintiff's
commissions, and furthermore, the plaintiff is entitled to show that excessive
and unnecessary salaries were paid to the officers of the defendant for the same
purpose.

APPEAL by the defendant, Marjolet, Inc., from an order of the
Supreme Court, made at the New York Special Term and entered
in the office of the clerk of the county of New York on the 18th day
of August, 1925, denying defendant's motion made before answer

to compel the plaintiff to separately state and number the alleged causes of action, to make the allegations of the complaint definite and certain, or, in the alternative, that all matters not relating to and unnecessary in the stating of the alleged cause of action in accounting be stricken from the complaint as sham, and to dismiss the complaint or one or more of the alleged causes of action on the ground that the complaint does not state facts sufficient to constitute a cause of action.

*Eugene Morgan Hawkins,* for the appellant.

*Arthur A. Beaudry,* for the respondent.

MARTIN, J.:

The defendant moves for a dismissal of the complaint for insufficiency, a dismissal for defect of parties defendant, for an order directing a separate statement and enumeration of causes of action and for a direction that the complaint be made more definite and certain.

The notice of motion refers to the complaint as a whole and not to specific parts thereof. This notice is, accordingly, vague and defective so far as it challenges allegations of the pleading as not being definite and certain or such as should be stricken out as " sham, frivolous, irrelevant, redundant, repetitious, unnecessary, impertinent or scandalous." As it refers to no particular parts of the complaint it is insufficient to bring before the court a motion to strike out allegations as sham, frivolous, irrelevant, redundant, repetitious, unnecessary, impertinent or scandalous.

In *Pope Manufacturing Co.* v. *Rubber Goods Manufacturing Co., No. 2* (100 App. Div. 353), where a similar notice was held to be defective, the court said (at p. 356): " The notice of motion does not specify any particular clauses of the complaint which are indefinite or uncertain, but asks generally to require the plaintiff to show clearly what the plaintiff intends to claim in relation to the performance of the contract or its modification as alleged."

We, therefore, pass to the other branches of the application.

It is alleged that plaintiff had a system for selling toilet preparations, including a system for advertising; that he was the originator and sole owner of a certain formula for face powder; that he made a contract with defendant by which he granted it exclusive use of his systems and of the formula and by which contract defendant employed him as its sales manager; that it was agreed he should be paid commissions on sales and, in addition, extra compensation; that this extra compensation was to take the form of shares of stock in the defendant corporation, one share to be issued for each $100 of extra compensation which extra compensation was to be

equal to five per cent of the yearly net profits of defendant. There are allegations of due performance by plaintiff and of non-performance by defendant. The plaintiff then alleges that he became entitled, pursuant to such agreement, to shares of defendant's stock, it being alleged that defendant earned $100,000 net. It is also set forth that plaintiff was induced to enter into such agreements by the provisions for extra compensation payable in stock, according to which provisions he would be enabled to acquire an interest in defendant corporation which received from him the use of his systems and formula; and that thus such stock has a special value to him. It is alleged that defendant's stock is closely held and cannot be acquired elsewhere or purchased in the open market.

Before referring to plaintiff's further allegations it may be noted that while the Special Term held that he has stated a cause of action for specific performance, defendant would have us take the view that there is indicated no ground for equitable relief because the contract provides that the money value of the extra compensation is to be translated into shares of stock on the basis of one share for each $100 of the extra compensation. The extra compensation was fixed at five per cent of the net profits of defendant in each of the first three years. For the amount found due the plaintiff was to receive shares of stock, one share for every $100 of said amount. There is nothing to indicate that the shares are or will be worth more or less than $100. There is nothing to estop plaintiff in this respect and defendant's argument is specious only so far as it is contended that the contract indicates $100 per share as the measure of damages, should defendant fail to give plaintiff stock he might become entitled to receive.

The complaint states a cause of action for specific performance.

In *Waddle* v. *Cabana* (220 N. Y. 18, 26) it was held that an action for specific performance to recover particular stock was proper. The court said: "A contract for the purchase of stock freely sold in the market would not be thus enforced, for an adequate remedy at law exists in such cases, but to deny this remedy when the stock has no ascertainable value, is nearly all owned by one man and can be obtained only from him, and only as a favor and for special reasons, would be to deny to appellant the substantial benefit of the contract." (See, also, *Butler* v. *Wright*, 186 N. Y. 259.)

At the Special Term it was held that allegations which contemplate an accounting were properly included in the one count set forth because the accounting would be incidental to specific performance.

Allegations relevant to an accounting may be regarded as incidental when the accounting is a necessary incident to the action for

specific performance. But here nothing is alleged to show that plaintiff is entitled to an accounting. An employee has no interest in the business, such as would entitle him to an accounting, because his compensation is to be wholly or partly measured by a percentage of profits.

If, however, plaintiff has further facts entitling him to an accounting he should allege them in a separate count. It was held in *Huguley* v. *Gardner* (157 App. Div. 720, 721) that where a cause of action asks for both an accounting and a return of collateral security, a motion to compel the plaintiff to separately state and number the causes of action should be granted.

The complaint also sets forth that defendant entered into " certain agreements " with third persons whereby its net profits have been concealed or diminished, such agreements having been made for the purpose of reducing the " extra compensation " stipulated in the contract. One of the numerous prayers for relief is that such agreements be set aside. If plaintiff thinks he has a cause of action to set aside these agreements he should allege it separately in order that it may be intelligently challenged.

As to this suggested cause of action defendant's criticism that there is a fatal defect of parties is also justified.

However, we are unable to understand why it is necessary to set aside such agreements with third parties. There would appear to be no objection to plaintiff giving notice, by allegations in the complaint, that he claims such agreements were made for the purpose of diminishing the amount of his extra compensation and that he intends to prove the extra compensation as it would have been if there were no such agreements. But they cannot be set aside without bringing in the necessary parties.

The same can be said with reference to other allegations to the effect that excessive salaries were paid and unnecessary sums disbursed for the purpose of diminishing plaintiff's extra compensation. These allegations are unobjectionable so far as they give notice that plaintiff intends to prove what he is entitled to be credited with as extra compensation on the basis of proper and reasonable salaries, charges and disbursements for conducting the business of defendant.

The order should be modified so that the motion may be granted to the extent of requiring plaintiff to separately state the causes of action asserted for an accounting and those alleged for the purpose of setting aside agreements and as so modified affirmed, without costs.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Order modified as directed in order and as so modified affirmed, without costs.