■  KRAMER BROS. FREIGHT LINES, INC., Plaintiff, v. M & C TRANSFER CO., INC., Defendant, and Third-Party Plaintiff-Respondent. AMERICAN FIDELITY FIRE INSURANCE COMPANY, Third-Party Defendant-Appellant. AMERICAN FIDELITY FIRE INSURANCE COMPANY, Appellant, v. M & C TRANSFER CO., INC., et al., Respondents.—

The consolidation would defeat insurer's purpose in bringing the declaratory judgment action, which was commenced prior to service of the third-party complaint in the other action and involved the same issue. Appellant insurer, if it proceeds promptly to notice the declaratory judgment action for trial, may obtain an advance determination of its liability so that it may know what responsibility it has, if any, to defend the other action. Consolidation, therefore, because the declaratory judgment action can be reached for trial very shortly, would serve only to delay such trial and thus deprive plaintiff insurer of a substantial right. (Tripp, Guide to Motion Practice [rev. ed.], § 24, p. 59.) Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

■  YORKTOWN PRODUCTS CORPORATION, Respondent v. THOMAS M. FAY, Appellant, et al., Defendant.—

While the complaint with its generalizations, conclusions and vague charges of wrongdoing, unsupported by factual assertions of specific acts, may be defective and subject to corrective motion (Gerdes v. Reynolds, 281 N. Y. 180; Kalmanash v. Smith, 291 N. Y. 142; Steinberg v. Carey, 285 App. Div. 1131), the sufficiency of the allegations is not relevant on a motion under rule 90 (Benedict v. Thain, 150 App. Div. 137, 140; Astoria Silk Works v. Plymouth Rubber Co., 126 App. Div. 18). The complaint purports to posit a single actionable wrong, viz., injury to the business and credit of the plaintiff corporation by former directors. The separate acts performed in the furtherance of that objective may be pleaded in one cause of action (see Dior v. Milton, 9 Misc 2d 425, affd. 2 A D 2d 878), and need not be stated in separately numbered causes of action to enable defendant intelligently to answer. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.