ALFRED H. WILES et al., Respondents, *v.* LAMBERT SUYDAM, Appellant.

64   173
119   403
64   173
131   492
64    173
147    609

Where a complaint contains, in one count, two causes of action, which cannot be properly united in the same action, the omission to state them in separate counts does not deprive defendant of his right to demur.

A complaint setting forth facts sufficient and seeking to charge defendant, as a stockholder of a manufacturing corporation, organized under the general laws (chap. 40, Laws of 1848), with a debt of the corporation, because of a failure to make and record the certificate required by said act (§ 10), and also alleging the requisite facts, and seeking to charge him, as trustee, with the debt, because of failure to file an annual report (§ 12), contains two separate and distinct causes of action which cannot properly be united.

The first cause of action is one upon contract, the second is an action upon a statute for a penalty or forfeiture.

The two causes of action do not arise out of the same transaction or transactions connected with the same subject of action, within the meaning of section 167 of the Code. ·

*Wiles* v. *Suydam* (3 Hun, 604; S. C., 6 T. & C., 292) reversed.

(Argued January 28, 1876; decided February 8, 1876.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment of Special Term in favor of plaintiffs, entered upon an order overruling a demurrer to plaintiff's complaint. (Reported below, 3 Hun, 604; 6 T. & C., 292.)

The complaint in this action alleged, in substance, the incorporation of the "Imperishable Stone Block Pavement Company," under the general manufacturing act (chap. 40, Laws of 1848); that said corporation became indebted to plaintiffs for work, labor and materials, and that judgments were obtained against it in actions upon such indebtedness, upon which judgments executions were issued and returned unsatisfied; that defendant, at the times the said debts were contracted, was a stockholder of the company, holding $50,000 of its stock; that no certificate stating the amount of the capital stock paid in was ever made or recorded, and that defendant had not paid in the amount of capital stock held by him; also, that at the times said debts were contracted defendant was a trustee of the company; that said company did not, within twenty days after January 1, 1873, make, nor has it since made and published the annual report required by section 12 of said act.

Defendant demurred on the ground, among others, that two causes of action were improperly united.

*A. H. Hitchcock* for the appellant. The complaint alleged two separate and distinct causes of action. (2 R. S. [5th ed.], 660, § 10; *Corning* v. *McCullough*, 1 N. Y., 47, 76; *Story* v. *Furman*, 25 id., 214, 220; *Conant* v. *Van Schaick*, 24 Barb., 87; *Abbott* v. *Aspinwall*, 26 id., 202, 207; *Rochester* v. *Barnes*, id., 657, 554; *Allen* v. *Sewell*, 2 Wend., 367; *Moss* v. *Oakley*, 2 Hill, 265, 269; *Bailey* v. *Banker*, 3 id., 188; *Harper* v. *McCullough*, 2 Den., 119; *Mer. Bk.* v. *Bliss*, 35 N. Y., 112; *Warren* v. *Doolittle*, 5 Cow., 678.) These two causes of action could not be united. (3 R. S. [5th ed.], 784, § 1; Code, §§ 167, 471; Code 1852, p. 183; 1 Chit.

Pleadings, 229 ; 6 Paige, 137; V. S. Pleadings, 35–183 ; 2 Wait's Pr., 362, 292.)

*Geo. W. Weiant* for the respondents. The first ground of demurrer was not available. (50 N. Y., 176; 2 R. S. [5th ed.], 660, 661, §§ 32, 35.) If the complaint set forth two causes of action, they were properly joined. (2 R. S. [5th ed.], 660, 661, §§ 32, 35; 1 Hun, 332.) The complaint set forth but one cause of action. (10 Abb. Pr., 445; 9 How. Pr., 83; 13 id., 228; 19 id., 94.) The fourth ground of demurrer was of no avail. There was no defect of parties. (Code, § 144.) The allegations of the complaint were amply sufficient. (Code, § 145; 4 How., 98; 5 id., 112; 6 id., 255; 7 id., 278; 13 Abb., 443, 457; 1 Seld., 163; 11 Barb., 443; 53 N. Y., 648; 37 id., 648.)

CHURCH, Ch. J. The ground of demurrer relied upon is that several causes of action are improperly united. The complaint contains but one count composed of a series of allegations, and was doubtless framed upon the theory that there is but one cause of action contained. If, however, the complaint does contain several causes of action, and they are improperly united, the omission to state the causes of action in separate counts properly numbered does not deprive the defendant of the right to demur. (*Goldberg* v. *Utley*, 60 N. Y., 427.) The complaint alleges an indebtedness against the Imperishable Stone Block Pavement Company of New York city, which had been prosecuted to judgment and execution; that the defendant was a "stockholder to the amount of $50,000," but had not paid for the same, and that no certificate had been made and recorded that the capital was paid in. Section 10 of the act authorizing the formation of corporations for manufacturing and other purposes declares that until such certificate is recorded the stockholders shall be liable for the debts of the company to the amount of their stock respectively. The complaint also alleges that at the time the debt was contracted and ever

since, the defendant was a trustee of the corporation, and that no report was filed on the 1st day of January, 1873, nor at any time since, and for this neglect the twelfth section of the act aforesaid declares that the trustees shall be liable for all the debts of the corporation then existing, or which may be thereafter created, until such report is filed.

It is insisted by the counsel for the plaintiff that this constitutes but one cause of action, and he argues that the cause of action is to recover the debt upon two grounds of personal liability created by statute. I am unable to concur in this view. The recovery of the debt is the object of the action, but a cause of action must have two factors, the right of the plaintiff and the wrong or obligation of the defendant. These must concur to give a cause of action. The cause of action against the defendant as a stockholder, consists of the debt and the liability created by statute against stockholders when the stock has not been paid in and a certificate of that fact recorded. In effect the statute in such a case withdraws the protection of the corporation from the stockholders, and regards them liable to the extent of the amount of their stock as copartners. (*Corning* v. *McCullough*, 1 N. Y., 47.) The allegations in the complaint are sufficient to establish a perfect cause of action against the defendant as a stockholder primarily liable for the debts to the amount of his stock. The allegations against the defendant as trustee also constitute a distinct and perfect cause of action, but of an entirely different character. Here the liability is created by statute and is in the nature of a penalty imposed for neglect of duty in not filing a report showing the situation of the company. The object of the action is the same, viz., the collection of the debt; but the liability and the grounds of it are entirely distinct and unlike. That there are two causes of action in this complaint seems too clear to require much argument. The more difficult question is, whether they may be united in the same complaint. The first cause of action against the defendant as a stockholder is an action on contract. The six years' statute of limitations

applies. (1 N. Y., *supra.*) The defendant is entitled to contribution. (3 Hill, 188.) But in respect to the action against defendant as trustee, this court held in *Merchants' Bank* v. *Bliss* (35 N. Y., 412), that the three years' statute of limitations applied under the following provision of the Code : "An action upon a statute for a penalty or forfeiture when the action is given to the party aggrieved." (§ 92.)

With this decision before us, which we do not feel at liberty to overrule, this cause of action must be regarded as an action *upon a statute for a penalty or forfeiture.* The liability is far more extensive than that of stockholder, it is for all debts, while the former is limited to the amount of the stock. The defendant would not be entitled to contribution except by statute (Laws of 1871, p. 1435), and contributions would be from different persons than in the other case. It is claimed also that execution against the person might issue and this would seem to follow from the decision in 12 New York (*supra*), but we do not deem it necessary to pass upon that question. If these actions may be united it must be by virtue of the first subdivision of section 167 of the Code. From the nature of the two actions they do not come under either of the other subdivisions. The first subdivision reads as follows : " The plaintiff may unite in the same complaint several causes of action whether they be such as have been heretofore denominated legal or equitable, or both, when they all arise out of : 1st. The same transaction or transactions connected with the same subject of action." This language is very general and very indefinite. I have examined the various authorities upon this clause, and I am satisfied that it is impracticable to lay down a general rule which will serve as an accurate guide for future cases. It is safer for courts to pass upon the question as each case is presented. To invent a rule for determining what the " same transaction " means, and when a cause of action shall be deemed to " arise out " of it, and what the " same subject of action " means, and when transactions are to be deemed connected with it, has taxed the ingenuity of many learned judges, and I do not deem it

necessary to make the effort to find a solution to these ques-
tions. An interesting chapter on this clause is contained in
a recent work by John N. Pomeroy, on " Remedies and
Remedial Rights " (p. 496), which contains a review of all
the authorities, and a critical analysis of the language with
definitions and suggestions which will be useful in determin-
ing particular cases. Judge COMSTOCK says of this clause:
" Its language is I think well chosen for the purpose intended,
because it is so obscure and so general as to justify the inter-
pretation which shall be found most convenient and best cal-
culated to promote the ends of justice." (17 N. Y., 592.)
There is certainly ample scope for construction, but it is
sometimes difficult to determine what interpretation will best
promote the ends of justice. It is probable that the primary
purpose of this provision was intended to apply to equitable
actions, which frequently embrace many complicated acts
and transactions relating to the subject-matter of the action,
which it would be desirable to settle in a single controversy.
The clause was not intended to overturn all distinctions in
actions and rules of pleadings, and this court has held that
an action of trespass, in breaking into a house and opening
a trunk, could not be joined with an action on a covenant in
a lease for quiet enjoyment, although the act which rendered
the defendant liable in both actions was the same. (56 N.
Y., 332.) In this case it is attempted to unite an action on a
statute for a penalty with an action on contract. The nature
of the two actions are essentially different, although the
object to be attained is the same. The facts to establish the
liability are entirely unlike. The measure of liability is dif-
ferent; the defenses are different. The rights of the defend-
ant may be seriously prejudiced. Suppose a general verdict
is obtained, from whom would the defendant seek contribu-
tion, from his co-trustees or from his co-stockholders? Can
it be said that these causes of action arose out of the same
transaction? If so, what was the transaction? Was it the
formation of the company? That created no liability nor
cause of action. Was it the debt of the plaintiff? That

created no liability against the trustees, nor does such liability arise out of it. Was it the failure to file a certificate that the stock was not paid in? If so, there is no connection between that and the transaction which created the liability against the defendant as trustee. An omission to record a certificate that the stock was paid is not, in any sense, the same transaction as the neglect of trustees to file a report of the financial condition of the company. Without attempting to define the terms of the last clause, I do not think that there is any such connection between the transactions, out of which the causes of action arose in this case, and the "subject of action" as to justify uniting the two causes of action.

The causes of action are independent of each other; the "transactions" are different, and there is no legal affinity between them. The language of the last clause is more applicable to equitable actions where the controversy is in respect to specific property, real or personal. It is difficult to define in this case the "subject of action." The object of the action is to recover the debt; but is the debt the subject of action? In some sense it, perhaps, may be so regarded, while in another the subject of action may be regarded the penalty or forfeiture. If the former, there is no natural connection between it and the transaction creating the liability. If the latter, it has no connection with the transaction against defendant as a stockholder. The language of the last clause, it seems to me, has no application to this case, and I am confident it was never intended by it to force a connection between such distinct and independent things. It may be convenient for the plaintiff to combine the two causes of action, but, looking at the rights of both parties and the rules of law, we cannot think that the Code was designed to authorize their union in one complaint.

The judgment must be reversed, and the demurrer sustained, with leave to the plaintiff to amend within the usual time.

All concur.

Judgment accordingly.