(30 Misc. Rep. 687.)

### BARKLEY v. WILLIAMS et al.

(Supreme Court, Special Term, Onondaga County. March, 1900.)

1. ACTIONS—MISJOINDER—RECOVERY FOR BREACH OF CONTRACT AND STATUTORY PENALTY.

Under Code, § 484, permitting the joinder of two or more causes of action in the same complaint, upon claims arising out of the same transaction, or transactions connected with the same subject of action, a cause of action for the breach of a distinct agreement on the part of defendants, as attorneys, to commence, prosecute, and conduct an action described, in a proper and skillful manner, or for the negligent performance of such contract, cannot be joined in the same complaint with an action, under section 71, for treble damages for the willful misconduct of defendants, as attorneys, in the prosecution of an action.

2. PLEADING—DEMURRER—STATEMENT OF OBJECTION.

Under a demurrer to a complaint for misjoinder of causes of action, which states that plaintiff has united a cause of action for breach of contract and one for treble damages, under Code, § 71, and that such union is improper, defendant is entitled to claim a misjoinder, either because the causes of action are inconsistent, or because they do not come within any of the provisions of section 484, prescribing what causes of action may be joined in the same complaint.

Action by Orville M. Barkley against Stephen K. Williams and others for damages. There was a demurrer to the complaint because of a misjoinder of causes of action. Demurrer sustained.

See 59 N. Y. Supp. 1038.

F. C. Sargent, for plaintiff.
Thomas Raines, for defendants.

HISCOCK, J. Defendants' demurrer is upon the ground that plaintiff has united in his complaint two causes of action which can-

not be so united, viz: one cause of action upon contract, and another one, based upon section 71, Code, for willful misconduct by the defendants, as attorneys, in the prosecution of an action. Plaintiff seeks to recover damages for the alleged shortcomings of defendants in prosecuting an action for him. Two causes of action are not separately stated in his complaint. It is perfectly well settled, however, that the failure to so state them does not prevent demurrer upon the grounds here urged, if in fact two causes of action are set forth and improperly united. No question has been made by plaintiff upon the argument but that two causes of action are alleged. I think none could well be. There is no dispute but that one of these is based upon section 71, Id., already referred to, and which, in substance, among other things, provides that an attorney who willfully delays his client's cause, with a view to his own gain, shall forfeit treble damages.

A dispute arises whether the other cause of action is upon contract, for the failure of defendants to properly conduct the action. This view is urged by defendants. Plaintiff's counsel, upon the other hand, insists that it is in tort, for the negligent and improper conduct of defendants. Inasmuch as the determination of this question may have some bearing upon the disposition of the main issue, I will consider it briefly: This cause of action, which is stated first, alleges a distinct and affirmative agreement and undertaking upon the part of the defendants to commence, prosecute, and conduct the action in question in a proper, skillful, etc., manner. It then alleges that they acted in a negligent, unskillful, and improper manner. The word "negligent" may not have been an especially appropriate word for the pleader to use, but there can be no doubt that the clause last quoted was intended by him to set forth a breach of the contract just before alleged. Thus, we have plaintiff basing this cause of action upon a specific, express agreement and contract. He does not for the basis of his complaint rely upon any implied contract, even, or upon those obligations and duties which the law imposed upon defendants when they were retained as attorneys. There seems to me no doubt but that he states a cause of action on contract, instead of for negligence and tort. Tort "denotes an injury inflicted otherwise than by a mere breach of contract," and negligence is the inadvertent failure to use ordinary care in observing or performing a noncontractual duty implied by law. 26 Am. & Eng. Enc. Law (1st Ed.) 72. If I am right in the foregoing conclusion, we have plaintiff attempting to gather into one complaint a cause of action upon contract, and another one to recover a statutory forfeiture or penalty. An examination of section 484, providing what causes of action may be united in one complaint (in view of the definition given of the terms "personal injuries" and "injuries to personal property," occurring in that section, by Code, § 3343, subds. 9, 10), makes it clear that these two causes of action can be united, if at all, only under subdivision 9 of said section 484. That subdivision allows the joinder of two causes of action brought to recover "upon claims arising out of the same transaction, or transactions connected with the same subject of action," provided it appears upon the face of the com-

plaint that they do both belong to such subdivision, and are consistent with each other. It does not appear upon the face of the complaint that the two claims made by plaintiff arose out of the same transaction. One claim arose out of the alleged willful delay by defendants, and the other out of their alleged improper and unskillful conduct. The transaction made up of the acts constituting willful misconduct would not necessarily be the same as that constituting negligence or unskillfulness. In fact, it naturally would not be, and the complaint contains no allegation that it was the same. This attempted union of causes of action must therefore seek support upon the theory that they arise out of "transactions connected with the same subject of action." The courts have so many times criticised the uncertainty of the language just quoted and labored to define its meaning, that it is probably not desirable that I should, at length, attempt to do either. Railroad Co. v. Schuyler, 17 N. Y. 592, 604. A text writer who has considered the subject most carefully and analytically concludes that this last provision was not intended to apply to actions at law at all, but only to those in equity. Pom. Code (3d Ed.) § 475. It is at least established beyond much doubt that its construction and application are to be largely measured by expediency and the circumstances of each case, rather than by any inflexible rule. Wiles v. Suydam, 64 N. Y. 173, 177. I am impressed that it should not be so interpreted as to allow plaintiff to unite in one complaint the causes of action which he has sought to. Their nature is essentially and entirely different, and this is so even though the first one should be regarded, as urged by plaintiff's counsel, to be for negligence, instead of upon contract. One is based upon a statute; the other, upon a failure to discharge a legal obligation. One seeks to recover a statutory penalty or forfeiture; the other, mere damages. The line of proof which would sustain one would not establish the other. They are inconsistent, and in that respect conflict with the requirements of the Code. One implies and alleges willful, intentional commission of acts for which, when established, a triple liability is imposed here, and a criminal liability elsewhere. Pen. Code, § 148. The other cause of action is based upon, and legally charges, an inadvertent omission to meet an express contract or discharge an implied duty. Definition of "negligence," 16 Am. & Eng. Enc. Law, p. 389. The methods by which judgment upon one cause of action could be enforced would be different from those applicable to the other cause of action, if I am correct that it is upon contract. It would be utterly impracticable to try them together. While for willful delay plaintiff would be entitled to treble damages, it would be the duty of the jury to find only single damages, leaving the same so found to be increased by the court. Section 1184, Code. Assuming that a verdict should be found for plaintiff, how is any one (plaintiff, defendants, or court) to know whether it is for damages arising from a breach of duty, express or implied, to be enforced by an ordinary judgment and execution, or for a tort criminal in its nature, to be multiplied by three, and enforced, if necessary, by a body execution? Without further discussion of this point, it seems to me that the demurrer should be

sustained, both upon reason and upon the authorities. Wiles v. Suydam, supra; Sweet v. Ingerson, 12 How. Prac. 331; Anderson v. Hill, 53 Barb. 238, 246.

The main contention of plaintiff's counsel upon this argument has been that any inconsistency of the causes of action alleged in his complaint could not be considered, because the demurrer did not specifically refer to such element. It is true that under section 490 defendants were compelled to specifically point out the defects relied upon. But I think they have sufficiently done this. The demurrer states, in substance, that plaintiff has united a cause of action for breach of contract and one for treble damages, under section 71; that this appears upon the face of the complaint; and that such union is improper. Section 484 prescribed the test by which to decide whether plaintiff's practice has been proper or improper. Defendants are entitled to show, I think, in support of their claim that the causes of action cannot be united under that section —First, because they do not both come within any one subdivision; and, secondly, because they are inconsistent. Referring to the causes of action, and charging that the attempt to unite them was improper, I do not think it was necessary for the defendants to further say that it was improper because they did not both come within any one class, and because they were inconsistent. The demurrer is sustained, with costs to be taxed as in a regular action.

Demurrer sustained, with costs.