(101 App. Div. 254)

## REED v. LIVERMORE.

(Supreme Court, Appellate Division, Third Department. January 4, 1905.)

1. PLEADING—IMPROPER JOINDER OF CAUSES OF ACTION—DEMURRER.

A demurrer that causes of action are improperly joined in the complaint will lie though they are not separated.

2. SAME—BREACH OF CONTRACT AND WRONG.

Code Civ. Proc. § 484, providing that claims arising out of the same transaction, or transactions connected with the same subject of action, may be joined in the same complaint, does not authorize the joinder in one complaint of a cause of action for breach of warranty owing to the explosion of a gun sold plaintiff and a cause of action for the wrong in putting on the market a defective and dangerous weapon.

Houghton, J., dissenting.

Appeal from Special Term.

Action by Carl Reed against George Livermore, as surviving partner, etc. From a judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Tompkins, Cobb & Cobb (S. D. Halliday, of counsel), for appellant.
George B. Davis, for respondent.

PARKER, P. J. There are sufficient facts stated in this complaint to constitute two different causes of action in favor of this plaintiff and against the defendant. One, an action for negligently putting upon the market a gun constructed of such defective material, and in such a careless manner, that it was unsafe for use, and a danger to the community. The plaintiff, being injured by its exploding while using it, which injury resulted in the loss of his hand, claims damages for the injury resulting from such negligent act. The complaint also states the further fact that at the time the defendants sold the gun they warranted it in every part; that plaintiff, relying on such warranty, used the said gun; and that it exploded while being used, by reason of defective material and construction, and so severely injured the plaintiff that he lost his left hand; and damages are asked for such loss. Thus two causes of action are here presented; the one based entirely upon the defendants' wrong, the other resting entirely upon their contract. These facts are not separated and distinguished as constituting different causes of action, but they are all averred in the complaint, and, as they are now contained therein, evidence, if offered, would have to be received thereof. A demurrer that such two causes of action are improperly joined in the same complaint will lie, therefore, even though not so separated. Lamming v. Galusha, 135 N. Y. 239, 242, 31 N. E. 1024. And the question presented by this appeal therefore is whether such two causes of action are permitted to be so joined by the ninth subdivision of section 484 of the Code of Civil Procedure. Beyond all question they are not so allowed by any other provision of the Code or of practice. By such subdivision different "claims arising out of the same transaction, or transactions connected with the same subject of action," may be joined in the same complaint; but, unless they come

within that provision, an action for a tort is nowhere permitted to be joined with an action on contract. I am of the opinion that the two claims in question do not arise out of the same transaction, or transactions connected with the same subject of action. The following cases are ample authority for that conclusion, and the reasons given in such opinions seem to fully cover and answer all objections urged against them: Sweet v. Ingerson, 12 How. Prac. 331; Hunter v. Powell, 15 How. Prac. 221; Anderson v. Hill, 53 Barb. 238, 244, approved in De Wolfe v. Abraham, 151 N. Y. 189, 45 N. E. 455; Crowell v. Truesdell, 67 App. Div. 502, 73 N. Y. Supp. 1013; Wiles v. Suydam, 64 N. Y. 173; Barkley v. Williams, 30 Misc. Rep. 687, 64 N. Y. Supp. 318. It is not desirable to attempt in this opinion to add anything to what may be found urged in the above cases. The reasons are well summarized in the Special Term opinion found in the case last above cited. It is sufficient to say that, having concluded that the two causes of action are set forth in this complaint, we hold them to be improperly joined, on the authority of the cases above cited. I am the more ready to reach this conclusion because I am impressed with the propriety of requiring every pleading to be so framed and expressed that it can be, with at least a reasonable amount of study, understood by the opposing party. In the case at bar, if it be held that the facts therein contained are correctly united, I know of no practice that can require the plaintiff to elect upon which cause of action he will proceed, and therefore neither party, after the trial, will be able to tell upon what ground the verdict is rendered, in the event that the plaintiff should recover one. And since the recovery may have been either in tort or on contract, it is but reasonable that the defendants should be able to ascertain from the record thereof upon which ground the judgment and execution are to be based.

For these reasons the interlocutory judgment should be reversed, and the demurrer sustained, with costs. All concur, except HOUGHTON, J., who dissents.