their presence, if such a duty devolved upon him. Under such circumstances the tenant must continue to bear his obligation to pay rent, however great the hardship, unless he has been relieved of this obligation by statute.

[3] The statute (Real Property Law, § 227) is not, however, broad enough to give him this relief. "The legislative sense of relief to tenants has not as yet reached the case of rats, mice, bugs, roaches, or other vermin, and all questions as to them must be decided according to the wisdom of the common law." Jacobs v. Morand, supra. The statute gives relief only where the building is destroyed or injured. It gives no relief where the building itself is uninjured, but by reason of other conditions the tenant's enjoyment of the leased premises is interfered with. "The statute clearly contemplates a physical destruction of, or injury to, the building itself, or something within the building, for which the landlord is responsible, or over which he has control." Floyd-Jones v. Schaan, 129 App. Div. 82, 113 N. Y. Supp. 472.

Order should be affirmed, with costs.

GUY, J., concurs.

BIJUR, J. I dissent. I think that the condition which warranted the tenant's abandonment of the premises was one under control of the landlord, and that Madden v. Bullock (Sup.) 115 N. Y. Supp. 723, cannot be distinguished.

---

### SALTER v. BRONX NAT. BANK.

(Supreme Court, Appellate Division, First Department. May 31, 1912.)

ACTION (§ 47*)—CAUSES OF ACTION—IMPROPER JOINDER.

Code Civ. Proc. § 484, provides that plaintiff may unite two or more causes of action on claims arising out of the same transaction connected with the same subject of action. *Held*, that where a complaint against a bank alleged, first, a cause of action to recover a balance of various deposits made at divers times over a stated period, and then stated a cause of action for the conversion of a check, and a third cause of action for negligence for conversion of the check by an unfit vice president, such causes of action were not only inconsistent, but were not shown to have arisen out of the same transaction, and were therefore improperly joined.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 469; Dec. Dig. § 47.*]

Appeal from Special Term, New York County.

Action by Benjamin Salter against the Bronx National Bank. From an interlocutory judgment sustaining a demurrer to the complaint for improper joinder of causes of action, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Churchill & Marlow (Thomas W. Churchill, of counsel, and Ernest W. Marlow, on the brief, both of New York City), for appellant.

John Hall Jones, of New York City, for respondent.

CLARKE, J.   The first cause of action set up in the complaint al-leges that the defendant is a national bank; that at divers times be-tween the 10th day of February, 1910, and the 1st day of November, 1910, the plaintiff delivered various sums of money to the defendant, which it received on deposit and agreed to repay to this plaintiff or to his order, on demand; that on the 10th of February, 1911, there remained in the hands of the defendant, of the said money so deposited, a balance undrawn of $5,059.75; that on that day plaintiff duly de-manded repayment of said balance; that defendant has paid $56.75, leaving a balance due of $5,003, which it refused to pay.   The second cause of action alleges that on or about the 19th of August, 1910, at Friendship, N. Y., the Citizens' National Bank made its certain check or draft directed to the National Park Bank to the order of plaintiff for the sum of $5,000, which on the 22d of August, 1910, plaintiff delivered to defendant, duly indorsed for deposit to the plain-tiff's account with defendant bank; that thereafter and before the 10th of February, 1911, the exact time being unknown to plaintiff, the de-fendant without the knowledge or consent of the plaintiff, unlawfully converted said check or draft or the proceeds thereof to its own use. The third cause of action alleges that the defendant negligently em-ployed and allowed to act as its vice president and agent one Belling, among other things for the purpose of dealing with customers and depositors of the defendant and receiving checks and money for de-posit; that he was not a proper person to act as an officer of a bank-ing corporation; that by reason thereof and of his dishonest habits and traits the said Belling was wholly unfit and incompetent to act as such agent and officer, which defendant, its president, and board of direc-tors well knew; that on or about the 22d of August, 1910, plaintiff made a deposit of a check or draft for the sum of $5,000 with defend-ant by delivering the same to the said Belling for deposit with the de-fendant to the credit of this plaintiff; that said Belling, while acting in the course of his duties as agent and officer of the defendant bank, wrongfully and unlawfully took said check and wrongfully disposed of the same and converted it to his own use.   In short, there are com-bined in one complaint an action on contract, an action for conversion, and an action for negligence for conversion by an unfit agent.   The defendant demurred upon the ground that causes of action had been improperly united, and, the demurrer having been sustained, the plain-tiff appeals.

Section 484 of the Code of Civil Procedure provides that:

"The plaintiff may unite in the same complaint, two or more causes of ac-tion, whether they are such as were formerly denominated legal or equitable, or both, where they are brought to recover as follows: (1) Upon contract, ex-press or implied. * * * (6) For injuries to personal property. * * * (9) Upon claims arising out of the same transaction connected with the same subject of action, and not included within one of the foregoing subdivisions of this section. * * * But it must appear, on the face of the complaint, that all the causes of action, so united, belong to one of the foregoing subdi-visions of this section, that they are consistent with each other. * * *

The complaint nowhere alleges that the three causes of action all arose out of the same transaction.   But this must "appear upon the

face of the complaint." On the contrary, it appears that they did not. The first cause of action alleges that "various" deposits were made at "divers" times over a period stated and that on a certain date a certain "balance" was due. The other two causes of action allege the conversion of a certain check. Furthermore, the causes of action are utterly inconsistent. The first is on contract, where plaintiff necessarily delivered possession of his moneys to the defendant bank in a general deposit account. Thereby the relation of creditor and debtor was created, the moneys lost identity, control and use thereof were conferred upon defendant, and it could pay the debt with any moneys in its possession. Conversion lies where plaintiff has the title to a specific chattel, or is entitled by reason of a special property therein to possession. It is a remedy given for a wrong done—an action in tort. It would seem that no two claims could be more inconsistent.

A cause of action for alienation of affections cannot be joined with one for conversion of personal property by defendant and plaintiff's wife. Crowell v. Truesdell, 67 App. Div. 502, 73 N. Y. Supp. 1013.

A cause of action for negligence in putting upon the market a gun so defective that it was unsafe to use, so that it exploded while plaintiff was using it and his hand was blown off, cannot be joined with a cause of action alleging the sale of the gun with a warranty and that relying on said warranty the plaintiff used the gun and received the injury. Reed v. Livermore, 101 App. Div. 254, 91 N. Y. Supp. 986.

Causes of action for slander and for false imprisonment cannot be united in the same complaint, even if they originated simultaneously. De Wolfe v. Abraham, 151 N. Y. 186, 45 N. E. 455.

In Barkley v. Williams, 30 Misc. Rep. 687, 64 N. Y. Supp. 318, cited with approval in Reed v. Livermore, supra, the complaint united two causes of action, one upon contract, and another based upon section 71 of the Code for willful misconduct by the defendants as attorneys in the prosecution of the action. Mr. Justice Hiscock said:

"It does not appear upon the face of the complaint that the two claims made by plaintiff arose out of the same transaction. One claim arose out of the alleged willful delay by defendants, and the other out of their alleged improper and unskillful conduct. The transaction made up of the acts constituting willful misconduct would not necessarily be the same as that constituting negligence or unskillfulness. In fact, it naturally would not be, and the complaint contains no allegation that it was."

In Drexel v. Hollander, 112 App. Div. 25, 98 N. Y. Supp. 104, the complaint set up conversion as one cause of action and a rescission of the contract and a refusal to pay back the amount paid as another. Mr. Justice McLaughlin said:

"It may be assumed * * * that the facts pleaded show the two causes of action arise out of the same transaction, but are they 'consistent with each other'? To this inquiry it seems to me there can be but one answer. * * * The causes of action are not only inconsistent but contradictory. The proof to establish the one would destroy the other. For conversion plaintiff would have to prove that at the time the conversion took place he either had the title or was entitled, by reason of a special property therein, to possession. To recover under the second cause of action plaintiff would have to prove a breach of contract."

A cause of action for damages for breach of contract and another for damages for fraud in inducing the plaintiff to make it cannot be united as they were not "consistent with each other" under subdivision 9 of section 484 of the Code of Civil Procedure, which is the only authority for uniting a cause of action on contract with one in tort. Edison Electric Illuminating Co. v. Kalbfleisch Co., 117 App. Div. 842, 102 N. Y. Supp. 1039. To the same effect: Kranz v. Lewis, 115 App. Div. 106, 100 N. Y. Supp. 674; Kaufman v. Morris Bldg. Co., 126 App. Div. 388, 110 N. Y. Supp. 663; and Realty Transfer Co. v. Cohn-Baer-Myers & Aronson Co., 132 App. Div. 286, 116 N. Y. Supp. 1110.

In White v. Improved Property Holding Co., 140 App. Div. 529, 125 N. Y. Supp. 366, an action for breach of contract was joined with an action for the conversion of personal property. Mr. Justice Laughlin said:

"It is quite clear I think that the cause of action for the wrongful conversion of property by the defendant is not consistent with a cause of action for the breach of an agreement on its part to safeguard the property against loss, whereby through its neglect to perform its contract duty the property was removed and appropriated by a third party. If the property was converted by the defendant, it surely was not taken by a third party through his neglect to care for it. Conversion implies a wrongful and willful act on the part of the defendant. * * * The 'transaction' upon which the cause of action for conversion is based was the conversion. * * * On the other hand, the subject of the action for the breach of contract and the transaction upon which it was based are the contract and the facts constituting the breach."

It is clear, we think, upon these authorities, that the judgment sustaining the demurrer was right and should be affirmed, with costs and disbursements to the respondent, with leave to the appellant, within 20 days upon payment of costs in this court and in the court below, to serve an amended complaint. All concur.