## FELT CITY TOWNSITE CO. v. FELT INVESTMENT CO. et al.

No. 2903. Decided September 20, 1917. (167 Pac. 835.)

1. PLEADING—MOTIONS—SEPARATING CAUSES OF ACTION. Under Comp. Laws 1907, section 2961, authorizing the joinder of certain causes of action, but providing that they must be separately stated, and section 2962, specifying the grounds of demurrer, and not specifying as a ground of demurrer the failure to separately state separate causes of action, an objection that causes of action are not separately stated may be made by motion to require plaintiff to separately state them. (Page 371.)

2. JUDGMENT—DEFAULT—PENDENCY OF MOTION. Under Comp., Laws 1907, section 3179, subd. 1, authorizing judgment for plaintiff in an action on contract for the recovery of money or damages if no answer, demurrer, or motion has been filed within the time specified in the summons, a motion to require plaintiff to separately state causes of action being one recognized by law is sufficient to prevent the entry of default until it is disposed of. (Page 372.)

3. ACTION—"CAUSE OF ACTION"—ELEMENTS. Every judicial action involves a primary right, a corresponding primary duty, a delict or wrong consisting in a breach of such primary right and duty, a

remedial right and a remedial duty, and the remedy or relief itself, and of these elements the primary right and duty and the delict or wrong combined constitute the ''cause of action''; the remedy being no part of the cause of action. (Page 373.)

4. ACTION—SPLITTING CAUSES OF ACTION—BREACHES OF CONTRACT. Though there are many breaches of a single contract, they may not be split up into several causes of action. (Page 374.)

5. PLEADING—SEPARATE CAUSES OF ACTION—SEPARATE STATEMENT. A complaint alleged that the defendant corporation sold plaintiff an exclusive option on lots in a townsite in Idaho, and agreed to survey, plat, and record the unplatted portion of the land; that the vendor covenanted that a certain portion of the proceeds of sale should be deposited as a trust fund for the construction of a bridge near the townsite, and agreed when lots were sold and fully paid for to deliver a deed and abstract of title, and a land value guarantee contract; that the individual defendants received payments of money under the contract, including trust fund payments, and had appropriated to their own use all of the trust funds except a specified amount; that defendants had failed to plat certain portions of the land, and had furnished an inaccurate map of other portions; that the laws of Idaho required the platting of lots in a townsite before any sale thereof, and imposed a penalty for each lot sold; that defendants had disposed of lots to plaintiff knowing that they had not been platted, and by certain misconduct had hindered plaintiff in the sale of 930 lots not platted, and deprived plaintiff of the profits thereon; that under the Idaho law defendants had forfeited to plaintiff $50 for each of such lots; that they retained and held such trust funds in a specified sum; and that they had damaged plaintiff by failing to furnish an abstract of title and bond for lots fully paid for. *Held*, that the failure to survey, plat, and record lots, and the failure to furnish abstracts, deeds, and bonds, were merely different breaches of a single contract constituting but one cause of action, and not required to be separately stated under Comp. Laws 1907, section 2961. (Page 376.)

6. ACTION—PLEADING—JOINDER OF CAUSES—SEPARATE STATEMENT. While if the complaint had alleged that the defendant corporation failed to deposit the trust fund and appropriated it to its own use, this might have been merely another breach of the contract and part of the one cause of action, the wrong complained of having been committed by the individual defendants with whom plaintiff had no contractual relation, this constituted a separate cause of action which not only should have been separately stated under Comp. Laws 1907, section 2961, but was obnoxious to the further provision of that section, that causes of action united must affect all the parties to the action. (Page 376.)

7. PLEADING—SEPARATE CAUSES OF ACTION—SEPARATE STATEMENT. If the penalty for violation of the Idaho statute was recoverable by plaintiff rather than by the state of Idaho, it constituted a separate cause of action to be separately stated. (Page 377.)

8. PLEADING—MOTIONS—SEPARATE CAUSES OF ACTION. A motion to require plaintiff to separately state several distinct causes of action contained in the complaint should have been definite, certain, and specific as to the causes of action which defendant claimed were contained in the complaint, and a motion not specifying the different causes of action was too indefinite. (Page 378.)

Appeal from District Court, Third District; *Hon. F. C. Loofbourow,* Judge.

Action by the Felt City Townsite Company against the Felt Investment Company and others.

Judgment dismissing the action. Plaintiff appeals.

AFFIRMED.

*B. N. C. Stott* for appellant.

*Cheney, Jensen & Holman* for respondents.

THURMAN, J.

This case was heard at a former term of this court during 1916, and three separate opinions were handed down. Application for rehearing was filed, and before the application was disposed of there was a partial change in the personnel of the court rendering it almost imperative that the application for rehearing be granted, and it was granted. Since then the membership of the court has been increased by the appointment of two additional judges, and the case was reargued during the present term of the court as now constituted. The opinions rendered at the former term have not been published. This opinion must therefore be considered as the official opinion of the court, and is the only one that will be published.

The questions involved relate to practice only, and in stating the case only so much of the proceedings will be detailed as is necessary to determine the particular points in controversy.

The plaintiff is the successor in interest to the rights and obligations of certain contracts for the purchase of town lots platted, and to be platted, in Felt City townsite, Fremont County, Idaho. The defendant corporation is the vendor, and the plaintiff and its predecessors will be referred to as the vendee. The vendor sold to the vendee an exclusive option to purchase said lots at certain prices according to their classification and on certain terms specified in the contract. The vendor agreed in said contract that it would at its own expense survey, plat, and record the unplatted portion of said land. Payment was to be made and accounts of sales rendered by the vendee from time to time as the lots were sold, and the vendor covenanted that a certain per cent. of the money arising from sales should be deposited by it in a certain bank in Salt Lake City as a trust fund to be used for the purpose of constructing a bridge across the river at or near the Felt City townsite. Vendor also agreed that when lots were sold and fully paid for the vendor, within thirty days, on demand, would make and deliver to vendee a warranty deed and abstract of title and procure a land value guarantee contract executed by the Federal Guarantee Company for said lot or lots. The option was to continue for five years, unless sooner forfeited.

The above and foregoing is the substance of the material parts of the contract as far as the vendor's covenants are concerned. The covenants and agreements of the vendee are immaterial inasmuch as it is alleged in the complaint, in effect, that plaintiff fully performed the promises and agreements on its part to be performed.

The complaint pleads the contract literally in words and figures, and then alleges in effect, that the defendants, other than the corporation, received payments of money under said contract, including trust fund payments, amounting to $2,968.89, and that said defendants have appropriated to their own use all of said trust funds except the sum of $468.58. It is then alleged that defendants failed to plat into lots, blocks, and streets certain portions of said land; and, further, that a map furnished by defendants for other portions

of the land was false and inaccurate. The complaint then sets out in full certain sections of the Idaho Rev. Codes. (sections 2300-2314) requiring owners and proprietors of land desiring to lay out a townsite to survey, plat, stake, and record the same; and the law also provides (section 2314) that any person disposing of or offering for sale or lease any such lot until the plat has been acknowledged and recorded shall forfeit and pay $50 for each of said lots. The complaint further alleges that defendants disposed of and offered for sale all of the lots in said townsite to plaintiff knowing that the same had not been platted, and by certain alleged misconduct on the part of defendants plaintiff was hindered in the sale of 930 of said lots not surveyed, platted, and recorded, and was thereby deprived of the profits thereof in the sum of $23,250; that under the terms of the Idaho statute defendants had forfeited to plaintiff $50 for each of said 930 lots in the aggregate sum of $46,500; that defendants retain and hold said trust fund in the sum of $2,503.21, and for failing to furnish abstract of title and bond for lots fully paid for plaintiff has been damaged in the sum of $5,000, for all of which sums and amounts plaintiff prays judgment against all of the defendants.

The complaint was served and filed on the 30th day of October, 1916, and on the 17th day of November, following, defendants appeared and filed a paper denominated "Motion for an order requiring separate statement of causes of action." The instrument, in effect, moved the court to require plaintiff to separately state the several distinct causes of action in its complaint, referring to the statute relied on by the defendants. Three days afterwards, on the 20th of November, plaintiff filed a demand with the clerk of the court that default be entered against defendants. The clerk complied with the demand and entered default. On December 8th, following, defendants obtained an order of court setting December 11th as the date for hearing a motion to strike the demand for, and certificate of, default from the files, and at the same time filed their motion. The motion was not heard until the 17th of December at which time the court ordered that the default be stricken.

Plaintiff then demanded of the court that default be entered. On the 23d of December the court denied plaintiff's motion for default, and on December 30th granted defendants' motion requiring plaintiff to separately state the several causes of action contained in the complaint, designating them, in effect, as follows: (1) For the recovery of the trust fund; (2) for the recovery of profits that plaintiffs would have earned but for the fraudulent representations of defendants; (3) recovery of damages for the breach of the contract; and (4) the amount forfeited to plaintiff under the Idaho statute. The court allowed plaintiff time within which to amend its complaint. On the 8th day of January, following, plaintiff served and filed notice to the effect that it would stand upon its complaint and declined to amend. The court thereupon entered judgment dismissing the action. Plaintiff appeals and assigns as error these several rulings and orders of the court.

The foregoing statement is a brief history of the material portions of all the proceedings down to the time the appeal was taken. Its prolixity is partly accounted for by the nature of the case and partly by a belief that a full statement at this time will tend to shorten the opinion.

The former opinions rendered in the case, to which reference has been made, although conflicting one with another on some of the questions involved, are very illuminating and instructive, and will tend to lighten the burden of the writer in his attempt to express the views of the court. Comp. Laws 1907, section 2961, reads as follows:

"The plaintiff may unite in the same complaint several causes of action, legal or equitable, or both, where they all arise out of: (1) The same transaction, or transactions connected with the same subject of action; or, (2) contracts express or implied; or, (3) injuries, with or without force, to person and property, or either; or, (4) injuries to character; or, (5) claims to recover real property with or without damages for the withholding thereof, and the rents and profits of the same, or waste committed thereon; or, (6) claims to recover personal property with or without damages for the withholding thereof; or, (7) claims against a trustee by virtue

Vol. 50—24

of a contract, or by operation of law. But the causes of action so united must all belong to one of these classes, and, except in actions for the foreclosure of mortgages, must affect all the parties to the action, and not require different places of trial, and must be separately stated.''

It will be seen that this section provides for the union of several causes of action in the same complaint where they all arise out of one of the classes named in the section. It, however, also provides that the causes so united must be separately stated. It is manifest from a casual reading of the section just what it means. The causes of action named in one class cannot be united with a cause or causes of action named in another class at all, and causes of action even in the same class cannot be united unless they are distinguished one from the other by a separate statement. In this case defendants, assuming that several causes of action were commingled in the complaint and not separately stated, as provided by the section we have quoted, before their time to appear expired, filed and served the paper above referred to, denominated a motion. On the other hand, plaintiff, assuming it was no motion at all, appeared at the earliest possible date after defendants' time expired and procured default to be entered. Whether the paper filed and served by defendants was in fact a motion becomes vitally material in the case in view of Comp. Laws 1907, section 3179, subd. 1, which, in part, reads as follows:

''Judgment may be had, if the defendant fail to answer to the complaint, as follows: (1) In an action arising upon contract for the recovery of money or damages only, if no answer, demurrer, or *motion* has been filed with the clerk of the court within the time specified in the summons. * * *'' (Italics ours.)

It is upon the hypothesis that the paper filed by defendants was a motion that defendants insist the entry of default was illegal and irregular; and on the other hand, it is upon the hypothesis that the paper filed was not a motion that plaintiff insists the default taken was legal and regular. This is the principal question in the case, for upon its solution depends

whether or not the court erred in its order directing that the default be stricken from the files.

Upon examination of Comp. Laws 1907, section 2962, it will be noticed that, while a demurrer to a complaint may be interposed on the ground that several causes of action have been improperly united, there is no provision for demurrer to a complaint on the grounds that the complaint contains several causes of action not separately stated. It will be observed, however, that section 2961, Comp. Laws, above quoted, declares that causes of action in a complaint must be separately stated. Thus we find the condition to be that while the statute declares that causes of action must be separately stated, it nowhere provides a specific remedy or form of procedure by which the statute can be enforced. In *Kurtz* v. *Sanitarium Co. et al.*, 37 Utah, 313, 108 Pac. 14, this court held that where the objection to the complaint is that the complaint contains several causes of action not separately stated, the proper procedure is by motion to require the plaintiff to separately state the causes of action. This view of the question appears to be supported by the great weight of authority.

"In providing for a demurrer on account of an improper union of causes of action, the question first arises whether a demurrer will lie, and lie only, where the union itself is wrong without reference to the manner of the union, or whether it lies to the improper commingling in one statement of different causes of action, although they might have been united had they been separately stated. It is now universally held that the demurrer will only lie when the union itself is forbidden; it does not matter whether causes so improperly united are separately stated or not; the omission to state them in separate counts does not deprive the defendant of the right to demur. But when causes of action which might have been united in one pleading, had they been separately stated, have been improperly intermingled in one count, the remedy is by motion." Bliss, Code Pleading (2d Ed.) p. 412, section 412.

"In nearly all jurisdictions a demurrer for misjoinder of causes of action will lie to a declaration, complaint, or petition, when it appears on the face thereof that two or more causes of action have been improperly united. And it makes no difference whether the causes of action improperly united are stated in separate counts or paragraphs, or are mingled in one count or paragraph. If, however, causes of action which may be properly united are improperly mingled in one count or paragraph, the remedy for such defect is not by demurrer but by a

motion to make more definite and certain.'' Ency. Pl. & Pr. vol. 6, pp. 340, 341.

''A complaint which sets forth a single cause of action, but asking several distinct forms of relief, all properly obtainable under the facts stated, is not demurrable on the ground of misjoinder of actions. Nor is a complaint demurrable on this ground, for the defect of not separately stating two or more causes of action, they being such as might, if properly stated, be united in one complaint; the proper remedy in such case is by motion.'' Boone, Code Pleading, p. 84.

Nearly all the authorities on Code pleading are to the same effect.

In California the objection may be raised by demurrer. *White* v. *Cox,* 46 Cal. 169, and earlier cases. In the experience of the writer the California practice was, to a great extent, followed in the district courts of this state until the ruling in the Kurtz Case, supra. As suggested in one of the former opinions in this case, to which reference has been made, there seems to be no logical reason why the objection could not be raised by demurrer except that the statute does not specify it as grounds for demurrer. Neither does it specify it as grounds for a motion; but this court having established a remedy for a wrong not specifically provided for by statute—a remedy in accordance with the overwhelming weight of authority elsewhere—there should no longer be any question as to its correctness. Therefore the paper filed by defendants in this case, denominated a motion, being in fact a motion recognized by law, was sufficient, in view of the statute relating to default, to stay entry of default until the motion was disposed of. Whether or not the motion was sufficiently specific and definite in its terms does not alter the case. If an answer had been filed which did not state a defense, or a demurrer insufficient in form to raise the objection intended by the pleader, it would, nevertheless, have been sufficient to prevent default being entered by the clerk until the matter was judicially determined. We have no hesitancy in holding that the default in this case was illegal and irregular; and the court did not err in striking it from the files. Neither did the court err in denying the demand of plaintiff that default be entered, when the application was afterwards

made in open court, especially as defendant's motion to segregate the causes of action was still pending and undisposed of.

It is, however, contended that the court erred in holding that the complaint contained several causes of action, and in requiring plaintiff to separately state them. The question to be determined under this assignment, as we understand it, is not how many causes of action can be carved out of the complaint, but are there more than one. The motion filed by defendants did not designate, or in any manner distinguish, the several causes, if there were more than one. It was as indefinite in that respect as it was possible for a motion to be. We will refer to this feature of the case again before concluding this opinion because it involves a question of practice too important to be ignored.

The authorities and cases cited in the opinions heretofore handed down in this case, prior to the application for a rehearing, are exceedingly instructive as to what constitutes a cause of action and the commingling of several causes of action without separately stating them. As       3 to the law on that subject there is no disagreement in the opinions referred to. The only difference arose in the application of the law to the present case. In undertaking to define a cause of action, Mr. Pomeroy, in his excellent work, "Remedies and Remedial Rights" (2d Ed.), sections 452, 453, after explaining the difficulty of obtaining a concise definition from judicial decisions, says:

"Every judicial action must therefore involve the following elements: A primary right possessed by the plaintiff, and a corresponding primary duty devolving upon the defendant; a delict or wrong done by the defendant which consisted in a breach of such primary right and duty; a remedial right in favor of the plaintiff, and a remedial duty resting on the defendant springing from this delict, and finally the remedy or relief itself. Every action, however complicated, or however simple, must contain these essential elements. Of these elements, the primary right and duty and delict or wrong combined constitute the cause of action in the legal sense of the term, and as it is used in the Codes of the several states."

The primary right of the plaintiff in the present case was to have every promise and agreement made by the defendants strictly complied with according to the contract. The primary.

duty of the defendant corporation was to strictly perform its promises and agreements so made. The wrong or delict committed by defendant consisted in the breach or failure to perform. These constitute plaintiff's cause of action according to the above quotation, and the definition is about as clear and succinct as human language can express. The remedy is no part of the cause of action. It is the procedure by which relief is obtained. If this distinction is kept in mind confusion and misapprehension as to whether or not a complaint contains one or more causes of action will oftentimes be avoided. In 1 C. J. 1059, it is said:

"Causes of action, properly speaking, are clearly distinguishable from the remedial rights to which they give rise; and since the relief demanded is no part of the cause of action, and the same cause of action may give rise to several remedial rights, the question as to whether one or more causes of action are stated is not to be determined from whether different kinds of relief are prayed for or different objects sought."

It does not follow because there are many breaches of a single contract that, therefore, it may be split up into several causes of action. In Bliss on Code Pleading, section 118, it is said:

"It is a rule that a cause of action—as, one springing from a single contract—cannot be so split as to authorize more than one action; and the same rule would make it improper to so divide a single cause of action, by separate statements in one complaint, as to show more than one cause of action."

See, also, *Secor* v. *Sturgis*, 16 N. Y. 548.

In Bates, Pl. & Pr. p. 485, the author says:

"In general, each contract and each tort constitutes but one cause of action; the several breaches of the one and the several items of loss flowing from the other are but parts of the same cause of action"—citing Pom. Rem., etc., section 460; Bliss, Code Pl., section 118.

In *Cohen* v. *Clark*, 44 Mont. 151, 119 Pac. 775, the court says:

"If plaintiff pleads several contracts, and a breach of each, he states several causes of action; but if he pleads but a single contract and a breach of it in one or more particulars, he states but a single cause of action, and it is immaterial how the complaint is paragraphed"—citing *Nelson* v. *Henrichsen, supra*.

In 1 Ency, Pl. & Pr. 153, the rule is stated thus:

"But where there are breaches of several and distinct covenants contained in the same instrument, all these breaches must be sued for together; while independent stipulations may be sued for as the breaches occur, all the breaches existing at the time the action is brought are only one cause of action."

In 1 C. J. pp. 1111, 1112, it is said:

"It is well settled that an entire contract or entire claim or demand arising out of contract cannot be split up and made the subject of different actions. A single breach of an entire contract gives but one cause of action, and all the damages claimed by reason thereof must be recovered in a single action. Conversely, where demands arising out of contract are distinct and separate they give rise to separate causes of action for which separate actions may be maintained, notwithstanding they are of such a character that they might be joined in one action, and consequently a severable contract may be severed and different actions brought thereon. The difficulty is in distinguishing between entire and severable demands, and applying the general rule to particular cases. Clearly, where there are entirely distinct and separate contracts, each gives rise to a separate cause of action, but it is also true that the same contract may give rise to different causes of action, either by reason of successive breaches of the contract, or by reason of the different stipulations or provisions of the contract."

In Pomeroy's Code Remedies (4th Ed.), section 351, the doctrine is stated in practically the same language. In 1 Bates Pl. & Pr., etc., 151, 152, it is said:

"In respect to contracts express or implied each contract affords one and only one cause of action. But just what makes a single contract giving only one cause of action which cannot be split is often a difficult question, and the cases are not altogether harmonious."

The foregoing excerpts from leading authorities and cases relating to what constitutes a cause of action, especially in contractual relations, are about as definite as can be found in the law; and still it is perfectly manifest, upon reading them, that in their application to a complicated case even learned and able lawyers and judges may radically differ. The present case is an instance in point. The district court, in deciding the motion to separate the causes, found four distinct causes of action and stated them in his ruling upon the motion. In this court, in the former opinions before rehearing, two of the justices found only one cause of action, and one of them found two, and probably three. We are not certain but that

the defendants thought there were five. Of course appellant insists there is only one. It is our duty at the present time to determine whether there is one cause of action only, or more than one.

We have endeavored to give to the contract relied on a careful and painstaking analysis. The defendant corporation covenanted and agreed to survey and plat the ground and subdivide it into lots, blocks, streets, alleys, etc., at its own expense. It also agreed to deposit a certain per-        5, 6 centage of the money arising from sales of lots in a certain Salt Lake bank as a trust fund for some beneficial purpose connected with the townsite. It also agreed to furnish abstracts of title, warranty deeds, and a guaranty bond whenever lots were fully paid for and on demand of the vendee. There is no question in the mind of the court but that the failure to survey, plat, and record, and the failure to furnish abstracts, deeds, and bonds, are merely breaches of a single contract, and constitute but one cause of action under the authorities cited. And if it had been alleged that the defendant corporation failed to deposit the trust fund and appropriated it to its own use, we would be inclined to the view that that also was merely another breach of the contract, and that all the breaches would constitute but one cause of action. But the allegations of the complaint will not admit of such construction. The agreement to deposit was made by the corporation, and not by the other defendants. The wrong complained of in relation to the trust fund was committed by the other defendants, and not by the defendant corporation. The corporation defendant with whom the contract was made is not charged with any wrong in respect to the trust fund, but the individual defendants who had no contractual relation with the plaintiff are charged with converting the fund to their own use. It is, to say the least, an unusual character of pleading; so much so that one is almost constrained to believe there must have been some inadvertence or oversight on the part of the pleader. Be that as it may, it does not alter the case, whatever may have been the cause for the condition we have described. The complaint

must be dealt with as we find it, and it is too clear for contro-
versy that the charge against the individual defendants for
misappropriating a trust fund, when there were no contractual
relations on their part, cannot be commingled with a cause
of action against all the defendants for a breach or breaches
of a contract made with only one. It is difficult to see how
it can be united at all in the same action, even if it were sepa-
rately stated. It is not only obnoxious to the provisions of the
statute quoted against the commingling of several causes of
action in one and the improper union of causes, but it is like-
wise obnoxious to the provision of the same statute which
provides that "the causes of action so united  *   *   *   *   *   *   *   *   *  *  *  *   must
affect all the parties to the action." (Italics ours.) Comp.
Laws 1907, section 2961.

Inasmuch as plaintiff, in the prayer of its complaint, prays
for actual damages in the sum of $28,250, this being the aggre-
gate sum of the damages claimed for breaches of the contract,
and $2,503.21, trust fund appropriated by the defendants to
their own use, there can be no question but that the misap-
propriation of the trust fund is itself a cause of action. The
court is also of the opinion that it is an independent cause of
action, and, if proper to be united at all with the other cause
mentioned, it should have been separately stated as the statute
provides. The district court, therefore, did not err in re-
quiring the plaintiff to separately state the several causes of
action in its complaint.

There is another demand by plaintiff for a large sum of
money on account of the penalty provided in the Idaho
statute for disposing of, or offering to dispose of, or lease,
unplatted lands. It is contended by defendants that
this claim also constitutes a cause of action not sepa-        7
rately stated in the complaint. It is doubtful whether
or not the court in this opinion should enter into a considera-
tion of that matter in view of the very meager discussion of
certain questions that ought to be considered in arriving at
a correct conclusion. There is perhaps a serious question as
to whether the plaintiff or the state of Idaho is entitled to
the penalty. The statute itself is silent on that question. If,

as a matter of law, it belongs to the state, then the question arises: Is not the statement of the claim and everything connected with it in the complaint entirely irrelevant, mere surplusage, and subject to be stricken on motion, or, if not stricken, entirely ignored? If that view is taken it need not be considered a separate cause of action. On the other hand, if, as matter of law, the claim of plaintiff for the sum forfeited is valid, no answer can be made to the logic of one of the former opinions filed in this case. The cases cited are as follows: *Barkley* v. *Williams*, 30 Misc. Rep. 687, 64 N. Y. Supp. 318; *Rogers* v. *Wheeler*, 89 App. Div. 435, 85 N. Y. Supp. 981; *Wiles* v. *Suydam*, 64 N. Y. 173; *Loup* v. *Cal. S. R. R. Co.*, 63 Cal. 97; *People* v. *Wells*, 52 App. Div. 583, 65 N. Y. Supp. 319; *Gurley* v. *McAnally*, 109 Ala. 359, 19 South. 518. These cases hold, in effect, that a statutory penalty such as we have in this case constitutes a separate cause of action, and the New York and Alabama cases go so far as to hold that they cannot even be united in the same action. The question, however, as to whether plaintiff or the state is entitled to the penalty and the bearing that question may have upon the proper solution of the question before the court, as before stated, is in doubt; and because the matter has not been fully presented in argument by counsel, we are not inclined to decide it at this time. Besides, it is not necessary that that question should be determined on this appeal. When the trial court decided that the complaint contained several causes of action not separately stated plaintiff was given time to amend its complaint in conformity with the ruling of the court. The plaintiff elected to stand upon its complaint and declined to amend, whereupon judgment was entered dismissing the action. Under the circumstances there was no error in the ruling of the court.

Because of the importance of the questions of practice involved, to litigants, members of the bar, and the courts of the state, before concluding this opinion we feel it our duty to call attention to one feature of the case to which allusion has already been made. We are of the opinion that the motion filed by the defendants requiring the several causes of action in the complaint to be separately stated

was too indefinite, and should have been more certain and specific. It reads as follows:

"Comes now the defendant Felt Investment Company and without waiving any of its rights to demur, or otherwise plead to the complaint herein, moves the court for an order requiring this plaintiff to separately state the several distinct causes of action in its complaint contained, in accordance with the provisions of section 2961 of the Compiled Laws of Utah of 1907."

If the plaintiff, instead of insisting that the paper filed by defendants was not a motion at all, had resisted the motion on the grounds that it was indefinite and insufficient as a notice of what was required by the plaintiff, a different order would probably have been made by the trial court. If, however, under such circumstances, the trial court had, against plaintiff's objections, granted the motion and dismissed the action, as was done in this case, a different case would have been presented for our consideration. We have already shown how widely men, trained in the law, differed as to the number of causes that could be carved out of this complaint. They vary all the way from one to four, and probably five. If plaintiff had endeavored to comply with the requirements of defendants' motion as filed, without going into court, it is improbable it could have amended the complaint on the first attempt so as to satisfy plaintiff's conception of a proper pleading. This would have provoked another motion of the same kind and perhaps another ineffectual attempt to amend, and so on, until finally by sheer exhaustion perhaps, or by some process of elimination, a conclusion would have been reached satisfactory to the plaintiff. Defendants should have made their motion definite as to the number of causes and specifically pointed them out. Volume 6, Ency. of Law, p. 117, says:

"A motion must state the grounds or reasons on which it is based, or it will be overruled."

On page 118, same volume, the rule is stated:

"The objection or objections on which the motion is founded should be stated specifically, so that the court may readily see that the motion should be granted."

28 Cyc. p. 6, says:

"The particular grounds of a motion should appear plainly either by the notice of motion or the affidavits accompanying the same.

In *Ambrose* v. *Parrott*, 28 Kan. 494, the court animadverts upon just this kind of motion made for the same purpose as the motion in the present case, and while the court did not, under the circumstances of that case, reverse the trial court, which had overruled the motion, yet the reasoning of the court strongly condemns the character of the motion filed in that case. We here quote from a note appearing in volume 6, Ency. Pl. & Pr. pp. 118, 119:

"In Ambrose v. Parrott, 28 Kan. 698, it was claimed that the complaint contained more than one cause of action, and a motion was made to require the plaintiff to state separately such alleged causes of action. It was objected that the motion was too indefinite in that it failed to point out wherein the petition in the court below stated more than one cause of action, and how many causes it was claimed that it did state. The motion was overruled, and on appeal the court said: 'Now, we would think that, in all fairness to the trial court and to the opposite party, the motion should have been more definite and specific than the motion in this case was. We would think that a motion filed for such a purpose should in all cases point out specifically the matters which the party filing it desired the court to act upon. It should designate the matters supposed to constitute each separate and distinct cause of action so that the court might act intelligently. We think, however, the court might in its discretion act upon and sustain just such a motion as the one which was filed in the present case. If the court, however, should overrule the motion, as was done in the present case, then the question arises: Should the Supreme Court reverse the decision of the trial court simply because it overruled such an indefinite motion? Generally, we would think not. Perhaps cases might occur where we would think otherwise. But such cases would be rare. It may be claimed that the object of the present motion was obvious, that the court should have known from an inspection of the petition just how many causes the defendants claimed were stated therein, and what they were, and therefore that there was no necessity for the defendants designating in their motion how many causes of action they supposed were stated in the plaintiff's petition or what they were. But this is not entirely clear.' "

We do not see how there can be any dissent from the proposition that the motion in a case of this kind should be definite, certain, and specific as to the causes of action the defendant claims are contained in the complaint. It certainly is just as incumbent upon the defendant to specify the causes of action

required to be separately stated as it is upon the plaintiff to separately state them. We think the motion in this case was altogether too indefinite, and if proper objection had been made and insisted upon by plaintiff, instead of the objection that the paper filed was no motion at all, this court would probably arrive at a different conclusion than the one it feels compelled to adopt under all the circumstances of the case.

For the reasons above stated, the judgment is affirmed. Respondents to recover costs.

FRICK, C. J., and McCARTY, CORFMAN, and GIDEON, JJ., concur.