LAWRENCE BUCK, Plaintiff, *v.* JONES BAKERY, INC., Defendant.

Supreme Court, Chautauqua County, July 14, 1936.

*Rollin A. Fancher,* for the plaintiff.

*Rogerson, Clary & Hewes* [*Sidney T. Hewes* of counsel], for the defendant.

HINKLEY, J.   This is a motion by defendant to require plaintiff to serve an amended complaint on the ground that two causes of action have been improperly united.

The complaint sets forth two causes of action separately stated and numbered.   Plaintiff seeks to recover damages alleged to have been suffered through his purchase and consumption of an impure loaf of bread.   The first cause of action is based upon alleged negligence in the manufacture and sale of the bread; the second is based upon an alleged breach of warranty in the manufacture and sale of the same.

The repeal of former section 258 of the Civil Practice Act and the substitution of the present section of similar number (Laws of 1935, chap. 339) have authorized an entirely new method of procedure.   Prior to that time the right of joinder of causes of action was strictly limited to those designated and to those " upon claims arising out of the same transaction or transactions connected with

the same subject of action, whether or not included within one or more of the other subdivisions of this section."

Sixty years ago Chief Judge CHURCH wrote concerning this section in *Wiles* v. *Suydam* (64 N. Y. 173, at p. 177): " I have examined the various authorities upon this clause, and I am satisfied that it is impracticable to lay down a general rule which will serve as an accurate guide for future cases. It is safer for courts to pass upon the question as each case is presented. To invent a rule for determining what the ' same transaction ' means, and when a cause of action shall be deemed to ' arise out ' of it, and what the ' same subject of action ' means, and when transactions are to be deemed connected with it, has taxed the ingenuity of many learned judges, and I do not deem it necessary to make the effort to find a solution to these questions. * * * Judge COMSTOCK says of this clause: ' Its language is, I think, well chosen for the purpose intended because it is so obscure and so general as to justify the interpretation which shall be found most convenient and best calculated to promote the ends of justice.' (*New York & New Haven R. R. Co.* v. *Schuyler*, 17 N. Y. 592, 604.) "

Notwithstanding the sage suggestions of Judges CHURCH and COMSTOCK but in obedience to the instinctive desire of judges to follow precedent, the case of *Reed* v. *Livermore* (101 App. Div. 254) (decided in 1905) has, for many years, been controlling in this State. No one has thought to question the logic of the opinion written in that case nor realize that same transaction and identical fact are synonymous. Courts have lost sight of the fundamental that two remedies may arise out of one set of facts. The ingenuity of judges as suggested by Judge CHURCH has introduced as a prerequisite an entirely foreign requirement that there shall be a legal affinity between or among the causes of action.

We are gradually approaching the time when a litigant may come into court upon a plain and concise statement of material facts without unnecessary repetition and obtain justice by whatever names his causes of action may have been theretofore denominated. Modern thought questions the wisdom of enacting statutes so obscure and general as to justify a judicial interpretation most convenient and best calculated to promote the ends of justice. Somewhat belatedly but not too late the Legislature has repealed section 258 of the Civil Practice Act in its questionable form and enacted as its substitute a definite rule which attains the same object without judicial circumlocution. Section 258 as now enacted (Laws of 1935, chap. 339, *supra*) is as follows: " Joinder of causes of action. The plaintiff may unite in the same complaint two or more causes of action whether they are such as were formerly

denominated legal or equitable, provided that upon the application of any party the court may in its discretion direct a severance of the action or separate trials whenever required in the interests of justice."

The complaint herein separately states two causes of action. Both of these remedies grow out of the manufacture and sale of alleged defective merchandise. The acts of manufacture and sale are identical in the two causes of action. The plaintiff has a right to seek to recover on one or both causes of action. In the event of a failure of proof under one cause of action plaintiff should be permitted to recover in a proper case upon the other. The interests of justice do not require that plaintiff be limited to one cause of action or that the action be severed or separate trials required.

Motion denied, with costs.