G. Robert Witmer, J.
Defendants Empire Discount Corporation, Nathan Relin, Jonas P. Relin and William B. Power have moved for an order requiring the plaintiffs, among other things, to serve an amended complaint separately stating and numbering the causes of action (CPLR 3014), and itemizing special damages claimed (CPLR 3015, subd. [d]).
The complaint, 48 pages in length, with 270 separately numbered allegations, contains 16 separately stated causes of action. In 4 of the causes of action by Three D Building Corporation, to wit, actions numbered First, Third, Sixth, and Eleventh, and in 2 of the causes of action by George Dworski, to wit, actions numbered Fourth and Eighth, said plaintiffs have pleaded special damages and have also alleged that the defendants in those causes of action knowingly acted directly to deceive the court, in violation of section 273 of the Penal Law; and by reason thereof plaintiffs also ask for treble their special damages in those causes of action. In 3 of the causes of action by Three *845 D Building Corporation, to wit, actions numbered Second, Fifth and Tenth, and in 2 of the causes of action by Dworski, to wit, actions numbered Seventh and Thirteenth, no punitive damages are sought. In the remaining 11 causes of action punitive damages are also sought. Plaintiffs’ special damage claims have been sufficiently itemized in all but the Seventh and Eighth causes of action. In the latter plaintiffs allege generally $10,000 or more of special damages. Bound figures are presumed to relate to general damages, in the absence of special showing (Drug Research Corp. v. Curtis Pub. Co., 7 N Y 2d 435, 440-441; Berman v. Medical Soc. of State of N. Y., 23 A D 2d 98, 100; 1 Seelman, Libel and Slander (1964 Ed.), par. 379). The motion that these special damages be made more specific is granted.
The objection to the inclusion of demand for punitive damages in 11 of the canses of action in addition to the special damages asked in 10 of them and the general damages asked in the last one, is not well taken. The demand for punitive damages does not amount to a separate cause of action (Knibbs v. Wagner, 14 A D 2d 987); but, of course, upon the trial separate verdicts should be taken with respect to the respective claims for punitive damages. (Raplee v. City of Corning, 6 A D 2d 230.)
The objection to the inclusion in the six causes of action above mentioned of a demand for treble damages under section 273 of the Penal Law presents a more difficult question. In some respects it is similar to the demand for punitive damages, wherein, as held above, no separate cause of action need be pleaded. There, however, beyond the allegations and proof of special or general damages, plaintiffs need only allege and prove that the defendants acted with malice, in fact or implied, to establish their right to punitive damages. With respect to the demand for treble damages under section 273 of the Penal Law, on the other hand, plaintiff must allege and prove not only the malicious acts but that in connection therewith and in furtherance thereof defendants intentionally deceived the court. The punitive damages depend upon malice in causing the basic special or general damages. The right to treble damages under section 273 of the Penal Law depends upon proof of other acts addressed to a court, by only those defendants who are attorneys. The claims for such treble damages are really separate causes of action, albeit founded, in part, upon many facts required to be established in the underlying causes of action for damages. Of course, a separate verdict will be required with respect to each demand for treble damages just as in the ease of the demands for punitive damages. Undoubtedly, the case could be tried upon the basis of the existing complaint, but it *846 seems to me that in view of CPLR 3014 and in the interests of clarity and to aid the defendants in addressing themselves to the complaint, the allegations for treble damages should be placed in separate causes of action (see Holder v. Feinstein, 23 A D 2d 771; Barkley v. Williams, 30 Misc. 687 [Hiscock, J.], based upon former more rigid practices; 1 Carmody-Wait, N. Y. Prac., § 79, p. 294, and cases cited). Even if this be not required as a matter of law in all cases, as a matter of discretion I so rule in this case, where not all of the parties defendant in any of said causes of action are involved in these treble damage claims. This part of the defendants’ motion is, therefore, also granted.
The remaining portions of defendants ’ motion are denied.